# McGhee *et al. v.* Reynolds.

*Action against a Railroad Company by Passenger to recover Damages for being ejected from Train.*

1. *Action against a railroad company by passenger; sufficiency of complaint.*—In an action against a railroad company, a count of the complaint averred that plaintiff purchased a round trip ticket from the defendant, which provided that before it was good for return passage, the holder had to be identified as the original purchaser before the defendant's station agent at the place to which the plaintiff was going, who would, at that time sign, date and stamp the ticket as said agent; that plaintiff was carried as a passenger from the place of the purchase of the ticket to her point of destination, and wishing to return she presented the ticket to the defendant's said agent for his official stamp and signature, and offered to prove her identity as the contract on the ticket required her to do, in order to use the ticket for the return passage; but that notwithstanding it was the said station agent's duty to sign, date and stamp the said ticket, he refused to do so, and by reason of said ticket not being so dated, stamped and signed, the plaintiff was ejected from defendant's train while attempting to return to the place from which she started by the use of such ticket. *Held*: That said count states a good cause of action for the alleged refusal of the defendant's agent to stamp, date and sign the plaintiff's return trip ticket, so as to make it available for her passage, but that it did not set forth a cause of action for the plaintiff's ejection from the train.

2. *Same; same; motion to strike.*—In an action against a railroad company by a passenger, a count of the complaint averred that the plaintiff purchased a round trip ticket from the defendant, which provided that before it was good for return

[McGhee *et al.* v. Reynolds.]

passage, the holder had to be identified as the original pur-
chaser before the defendant's station agent at the place to
which plaintiff was going, who would then sign, date and
stamp said ticket as said agent; that plaintiff could not read,
and after reaching her place of destination and wishing to
return, she presented the ticket to the defendant's station
agent at such place and requested him to fix it so that she
could return to the place whence she started; that such agent
took said ticket and after looking at it informed plaintiff
that it was already fixed, and that she could by the use of
said ticket, return without fixing it further. That having
no actual knowledge to the contrary, and by reason of the
wanton, willful or gross negligence of the defendant's said
agent in not doing his duty by fixing said ticket so that
plaintiff could return thereon as a passenger, plaintiff, when
she attempted to return on defendant's train by the use of
said ticket, was, in a rude, rough and angry manner, and
while using insulting words, expelled from said train by the
defendant's conductor, who was the defendant's authorized
agent, and acting within the scope of his authority as such;
that such expulsion from the train occurred about two miles
from the place where the plaintiff started on the return trip,
and plaintiff suffered much pecuniary damage and physical
pain; that on returning to the place whence she started on
the return trip, she again requested the defendant's agent
to fix the ticket so that she could use it according to its
terms and offered to identify herself as the purchaser, but
that the agent again refused to fix it, and used abusive and
insulting language in plaintiff's presence, "wherefore plain-
tiff says that by reason of the wanton, willful, intentional
and gross negligence of defendant's agent, she could not
travel on said ticket and was put to pecuniary expense and
suffered much physical trouble, and mental anguish to her
damage," etc. *Held*: That said count stated a cause of action
in case for the breach of duty resting on the defendant as a
common carrier, by reason of the agent's failure and refusal
to sign and stamp said ticket, but averred no right of recov-
ery for plaintiff's physical ejection from the train; and that,
therefore, that part of said count which related to the plain-
tiff's expulsion from the train and those averments of what
occurred on plaintiff's second attempt to have the ticket
signed, dated and stamped, was superfluous and immaterial
to the cause of action as stated, and should, on defendant's
motion, have been stricken from said count.

3. *Same; same; same.*—In such a case, a count of the complaint
containing the allegations as above set out, relating to the

[McGhee *et al.* v. Reynolds.]

purchase of the ticket and the conditions contained therein and the efforts to have same signed, dated and stamped, and the refusal of the defendant's station agent to sign, date and stamp said ticket, and his statement that the ticket was alright and she could use it for return passage, then averred, that after being so instructed by defendant's agent she boarded one of the defendant's trains as a passenger and without any knowledge that she had no right to ride on said train by the use of said ticket and while on said train, without any resistance on her part, she was rudely and forcibly ejected by defendant's conductor from said train, and "that said force and violence upon the part of said conductor was unnecessary to eject her from said train; that she had offered no resistance to his demands for her to leave the train, but had only besought him to allow her to remain.* * * * That notwithstanding all this, the said conductor wantonly, willfuly or intentionally forcibly ejected the plaintiff as aforesaid," causing the injuries complained of. *Held*: That said count states a cause of action in trespass, and claims a recovery for damages for the alleged excessive force used by the conductor in ejecting plaintiff from the train; and that, therefore, all of the averments in said count as to plaintiff presenting the ticket to the defendant's station agent and the latter's statement and conduct in that connection is foreign to the trespass sued on; and should, upon defendant's motion, have been stricken from said count.

APPEAL from the Circuit Court of Morgan.

Tried before the Hon. H. C. SPEAKE.

This was an action brought by the appellee, Mariah Reynolds, against Charles M. McGhee and Henry Fink, as receivers of the Memphis & Charleston Railroad Company. This is the second appeal in this case. After the reversal of the judgment and remandment of the cause on the former appeal, the complaint was amended by striking out the first and third counts thereof and adding the fourth and fifth counts. In the second count of the complaint the plaintiff claimed $500 as damages and then averred that the defendants, as receivers, were operating the Memphis & Charleston Railroad and were engaged in transporting passengers and traffic for hire; that on June 22, 1894, the plaintiff purchased a ticket of the defendants for her transportation as a passenger on the defendants' cars from De-

catur, Alabama, to Huntsville, Alabama, and return to
Decatur. The second count of the complaint then con-
tinued as follows: "That one of the terms and condi-
tions of the ticket sold by defendant to plaintiff was
as follows: That it is not good for return passage un-
less the holder identifies himself as the original pur-
chaser before the authorized agent of the Memphis &
Charleston railroad at point first named above (which
plaintiff avers was Huntsville) and when officially
signed and dated in ink and duly stamped by said agent
this ticket shall then be good only for a continuous
passage to starting point, at last named above (which
plaintiff avers was Decatur, Ala.) only on next passen-
ger train leaving after date of said identification, but
in no case later than the date cancelled in margin
(which plaintiff avers was October 31, 1894). Plain-
tiff avers that on, to-wit, June 22, 1894, she did travel
as a passenger on said ticket on defendant's cars from
Decatur, Alabama, to Huntsville, Alabama, and on or
about June 22, 1894, presented herself for identifica-
tion as the original purchaser of said ticket to the
authorized agent of defendants in charge of the Mem-
phis & Charleston railroad at Huntsville, Alabama, and
offered proof of her identity as required by said ticket,
and plaintiff avers that said agent at Huntsville, Ala-
bama, was the agent of defendants and as such was
acting within the scope of his authority. Plaintiff fur-
ther avers that she requested of said agent of defend-
ants at Huntsville, Alabama, (whose name is unknown
to plaintiff) to fix her said ticket in all respects as was
required by the stipulation on plaintiff's ticket as is
above set forth; plaintiff avers that it was within the
scope of the duties of said authorized agent prescribed
by his employment, and his duty as the agent of de-
fendants to officially sign and date and stamp in ink
the said ticket of plaintiff, but the said agent wholly
refused and failed to do so, though requested to do so,
and though plaintiff had offered proof of her identity
to said agent as was required by the terms of said ticket.
Plaintiff further avers that after said agent at Hunts-
ville, Alabama, refused to sign and date and stamp her
ticket as is above averred, the took passage at Hunts-

ville, Alabama, on or about June 22, 1894, on the next passenger train of defendants bound for Decatur, Alabama, in all respects as she was required and authorized to do, under the stipulations of said ticket purchased by her of defendants, that while she was occupying a seat in defendants' passenger train, in a lawful and peaceable manner, the conductor of said train, an officer and employee of defendant, who at the time was acting as agent for defendant, and within the scope of his authority as conductor in charge of said train, demanded of plaintiff fare from Huntsville, Alabama, to Decatur, Alabama; that plaintiff tendered to said officer and agent of defendants, who at that time was in charge and control of said train, the said ticket that she had purchased of defendants and had tendered to defendants' authorized agent in Huntsville, Alabama, to be signed, dated and stamped by said agent; that the said conductor of defendants' train refused to accept said ticket, refused to allow or permit plaintiff to ride on said train from Huntsville to Decatur, but against the protest and objection of plaintiff, forcibly, roughly, unlawfully, wrongfully and willfully ejected plaintiff from said car, and refused to allow or permit her to ride thereon, wherefore plaintiff says that by the wrongful, violent and forcible conduct of defendants which was knowingly and willfully done, that plaintiff suffered pecuniary loss and endured mental and bodily suffering to her damage of five hundred ($500) dollars. Wherefore she brings this suit."

The fourth count of the complaint, after setting out the purchase of said ticket of the defendants' duly authorized agent, then continued as follows: "Plaintiff avers that said ticket was purchased by her from the regular and authorized ticket agent of defendants at Decatur, Alabama, and (at the time of the purchase she informed defendants' said agent that she could not read nor write and was unable to sign her name thereto. Whereupon defendants' said agent, one F. G. Morrow, procured another person to sign plaintiff's name to said ticket. Plaintiff further avers that said agent did not inform plaintiff of the terms and stipulation of

said ticket, and that she had no actual knowledge of the contents of said ticket because of her inability to read, and because she was not informed by said agent. Said agent did inform plaintiff that when she got on the train to go to Huntsville the conductor of said train would tear the ticket in two, that he would keep one-half of it, and give back to plaintiff one-half, that before plaintiff could return upon the part of the ticket given back to her she would have to take it to the ticket agent of defendants at Huntsville, Alabama, and have 'him fix it' for plaintiff.)    Plaintiff avers that on, to-wit, June 22, 1894, she did travel on said ticket as a passenger on defendants' cars from Decatur, Alabama, to Huntsville, Alabama, (and on or about the same date she presented said ticket to the ticket agent of defendants at Huntsville, Alabama, whose name is to plaintiff unknown, who was the authorized agent of defendants to sell and fix tickets, and at the time was acting as such, and requested him, the said ticket agent, to fix her ticket so that she could return to Decatur, Alabama, on said ticket, on the cars of defendants. Plaintiff avers that it was within the scope of said ticket agent's authority to fix her ticket as requested, and it was his duty so to do.    When said ticket was presented to said agent as aforesaid the said agent took said ticket and looked at it, informed plaintiff that it was already fixed, that there was nothing wrong with said ticket, that the same was all right and that she could go from Huntsville to Decatur on said ticket without fixing it any further.)    Plaintiff avers that she had no actual knowledge to the contrary, and that by reason of the wanton, willful or gross negligence of said ticket agent in not doing his duty and fixing said ticket so that plaintiff could return thereon as a passenger on defendants' cars to Decatur, Alabama, (plaintiff, when she attempted to do so, was expelled by the conductor of said train, who was the authorized agent of defendants, and at the time acting as defendants' agent, and within the scope of his authority as such in a rude, rough, and angry manner and with words of insult in a course and brutal manner), so

that plaintiff suffered much pecuniary damage and physical pain and mental anguish. (Said ejection from said train took place about two miles from Huntsville, Alabama; the weather was hot and the roads dusty and plaintiff was physically ill, and in this condition by reason of said ejection, which was caused by said ticket agent not doing his duty as aforesaid, plaintiff was compelled to walk back to Huntsville). Plaintiff avers that upon her return to Huntsville as aforesaid, it being on June 22, 1894, she again went to defendants' said ticket agent and offered proof of her identity that she was the person whose name was mentioned on said ticket as being the purchaser thereof and again requested him to fix said ticket so that she could return thereon in accordance with the terms of said ticket, as in all respects she had a right to do, but plaintiff avers that said ticket agent refused to fix the same on the sole alleged ground that plaintiff's name was not written on said ticket and said ticket agent being informed by plaintiff that said ticket was purchased by her, that she had no more money, and was implored by plaintiff to fix said ticket so that she could return thereon to Decatur, Alabama, utterly refused as aforesaid to fix said ticket and cursed and swore in the presence of plaintiff, and in a rude or angry manner informed plaintiff that if she got to Decatur she would not get there on that ticket, that she would 'have to pay her damn money, to get there, and that 'by God' he was tired of being bothered about that ticket and did not wish plaintiff to say anything more about said ticket to him.) Wherefore, plaintiff says that by reason of the wanton, willful, intentional or gross negligence of defendant's said agent, she could not travel on said ticket, and was put to pecuniary expense and suffered much physical trouble, and mental anguish to her damage five hundred dollars. Wherefore she brings this suit." There was attached to this count as an exhibit, a copy of the ticket purchased by the plaintiff.

The fifth count of the complaint adopted the averments of the fourth count down to where it was alleged

[McGhee *et al.* v. Reynolds.]

that the plaintiff was ejected by the conductor of said train while "acting as defendant's agent, and within the scope of his authority as such." It then continued as follows: "Plaintiff avers that after what defendant's ticket agent had said to her, as aforesaid, she boarded defendant's train to go to Decatur, Ala., as a passenger, and with no actual knowledge upon her part, that she had no right to ride on said train on said ticket; that while she was therefore in law a trespasser upon said train she conducted herself in a decent and orderly manner, and in all respects as a passenger should; that the conductor of said train demanded fare of plaintiff, and plaintiff produced and offered to surrender to him the ticket she had purchased, as above described and set forth. Said conductor refused to accept said ticket, and upon plaintiff informing him she had no money, he insisted upon her leaving the train, and without any resistance upon the part of plaintiff he rudely and forcibly seized plaintiff by the arm and dragged her out of her seat, saying to her: 'By God, make haste; I am already behind time,' and he continued to hold on to plaintiff until he reached the platform of the car, when plaintiff was shoved or pushed off of said car, and fell upon the embankment of the side of the railroad track. Plaintiff avers that said force and violence upon the part of said conductor was unnecessary to eject her from said car; that she had offered no resistance to his demands for her to leave the train, that she had only besought him with words and in tears to be allowed to remain; that at the time she was thus forcibly ejected there was a large number of people in said car, who could see how plaintiff was treated, and could hear what was said to her by said conductor, but notwithstanding all this the said conductor wantonly, willfuly or intentionally, forcibly ejected plaintiff as aforesaid, whereby she was caused much physical suffering and much humiliation and mental suffering to her damage five hundred dollars. Wherefore she brings this suit."

To the second count of the complaint, the defendants demurred upon the following grounds: "1. The entire contract or ticket is not set out or alleged in said count.

2. Said court joins two separate and distinct causes of action in this: An action for breach of contract for the alleged failure and refusal of said agent to identify plaintiff and sign, date and stamp her ticket; and an action in tort for her alleged forcible, violent, rough and unlawful ejection from said train by the conductor. 3. Said count shows no cause of action in this: It does not show that the agent's failure and refusal to identify plaintiff and sign, date and stamp her ticket was negligence or caused any damage to her, and it does show that she was a trespasser on said train and that the conductor had a right to eject her therefrom, and it fails to show that the conductor used more force than was necessary in ejecting her." The defendants moved to strike from the fourth count that part thereof which is within the first parentheses as copied above, upon the ground that said averments are immaterial to the cause of action, and do not affect plaintiff's right of action for the alleged misconduct or breach of duty of the defendant's Huntsville agent. The defendants moved to strike from the fourth count that portion thereof which is within the third parentheses, commencing with the words, "Plaintiff when she attempted to do so was expelled," etc., upon the ground that said allegations are immaterial and irrelevant, and evidence to sustain them would be inadmissible. The defendants also moved to strike from the fourth count that portion thereof within the fourth parentheses, upon the ground that said averments are immaterial and do not affect the plaintiff's right of action for the alleged misconduct or breach of it of the defendant's Huntsville agent. The defendants also moved to strike from the fourth count that portion within the last parentheses commencing with the words, "Plaintiff avers that upon her return to Huntsville," etc., because said averments are immaterial and constitute no part of the transactions which are made the basis of the plaintiff's right of recovery. The defendants then moved to strike from the fifth count the same allegations, separately, as were included in the motion to strike from the fourth count, and for the same reasons as stated therein, and also moved to

[McGhee et al. v. Reynolds.]

strike from the fifth count that portion of the said count which is adopted from the fourth count and is included in the second parentheses, commencing with the words "and on or about the same day and date she presented," etc., on the ground that said averments were immaterial and did not affect the plaintiff's right to ride on the defendant's train or the conductor's right to take her therefrom as counted on in said fifth count. The demurrers to the second count of the defendant's several motions to strike portions of the fourth and fifth counts from the file were each separately overruled, and to each of these rulings the defendants separately excepted.

Issue was joined upon the plea of the general issue and there were verdict and judgment for the plaintiff, assessing her damages at $275. Inasmuch as this court only reviews the rulings of the trial court upon the demurrers and motions to strike, it is unnecessary to set out the other facts of the case in detail. The defendants appeal, and assign as error the several portions of the trial court to which exceptions were reserved.

HUMES, SHEFFEY & SPEAKE, for appellant, cited *McGhee & Fink v. Reynolds*, 117 Ala. 421; *Buckalew v. Tenn. C. I. R. R. Co.*, 112 Ala. 146; *Verner v. A. G. S. R. R. Co.*, 103 Ala. 574; *Ala. Mid. R. Co. v. Martin*, 100 Ala. 511.

O. KYLE, contra, cited *Davis v. L. & N. R. R. Co.*, 108 Ala. 660; *C. & W. R. R. Co. v. Bridges*, 86 Ala. 448; *Goldsmith v. Picard*, 27 Ala. 142; *Perry v. Marsh*, 25 Ala. 659.

SHARPE, J.—On the former appeal count 2 of the complaint was construed as containing no cause of action except for the alleged refusal of defendant's agent at Huntsville to stamp, date and sign the plaintiff's return trip coupon so as to make it available for her passage in returning to Decatur, and this court held that notwithstanding such refusal was wrongful, the coupon lacking the required *indicia* of her right

to use the ticket for passage, gave her no right to be carried as a passenger and consequently no remedy for her ejection from the train.—*McGhee & Fink, Receivers, v. Reynolds,* 117 Ala. 413.

Amendments made since the cause was remanded have stricken from the complaint all it then contained except count 2 and have added counts numbered 4 and 5.

Count 4 sets out a ticket which stipulates for plaintiff's passage from Decatur to Huntsville and return subject to conditions among which is the following: "3rd. That it is not good for return passage unless the holder identifies himself as the original purchaser before the authorized agent of Memphis & Charleston Railroad at point named above, and when officially signed and dated in ink and duly stamped by said agent this ticket shall then be good only for a continuous passage to starting point as last named above only on next passenger train leaving after date of said identification, but in no case later than date cancelled in margin." It avers in substance that plaintiff could not read but that she was informed by the Decatur agent who sold it that before she could return on it "she would have to take it to the ticket agent of defendants at Huntsville, Alabama, and have him fix it," that she presented it to the Huntsville agent and requested him to fix it so that she could return to Decatur; and averments are made as follows: "The said agent took said ticket, looked at it, informed plaintiff that it was already fixed, that there was nothing wrong with said ticket, that the same was all right, and that she could go from Huntsville to Decatur on said ticket without fixing it any further. Plaintiff avers that she had no actual knowledge to the contrary and that by reason of the wanton, willful or gross negligence of said ticket agent in not doing his duty and fixing said ticket so that plaintiff could return thereon as a passenger on defendants' cars to Decatur, Alabama, plaintiff when she attempted to do so, was expelled by the conductor of said train, who was the authorized agent of defendants at the time acting as defendants' agent and within

the scope of his authority as such, in a rude, rough
and angry manner and with words of insult in a coarse
and brutal manner, so that plaintiff suffered much pe-
cuniary damage and physical pain and mental anguish.
Said ejection took place about two miles from Hunts-
ville, Ala.; the weather was hot and the roads dusty
and plaintiff was physically ill and in this condition
by reason of said ejection which was caused by said
ticket agent not doing his duty as aforesaid, plaintiff
was compelled to walk back to Huntsville." Then fol-
lows a further averment to effect that on returning to
Huntsville after being expelled from the train plaintiff
again requested the Huntsville agent to fix the ticket
so that she could use it according to its terms and
offered to identify herself by a witness as the-purchaser,
and that the agent again refused to fix it placing his
refusal on the ground that her name was not written
on it, and that in so refusing he cursed and swore in
plaintiff's presence in a rude and angry manner,
"wherefore plaintiff says that by reason of the wanton,
willful, intentional or gross negligence of defendants'
said agent, she could not travel on said ticket, she was
put to pecuniary expense and suffered much physical
trouble and mental anguish to her damage," etc.

From these averments it appears that the injuries
for which damages are claimed in this count including
plaintiff's forcible ejection from the train are all
averred to have resulted from the agent's failure and
refusal to sign, date and stamp the ticket. That the injur-
ies and damages are referred to such negative action of
the ticket agent shows that the alleged assurances or
advice given by the Huntsville agent respecting plain-
tiff's right to use the ticket without further fixing, are
not declared on as the wrong sued for. The same con-
sideration shows further that both the fact and man-
ner of plaintiff's expulsion from the train are averred
as being consequential to the ticket agent's wrongful
conduct and not as a primal cause of action in trespass
or other form. This count though containing much
superfluous matter is framed for recovery upon no
cause of action other than in case for a breach of duty
resting on defendants as common carriers to conform

to their own regulation as embodied in the contract so as to entitle the plaintiff to be received and carried as a passenger. The contract is set out only as matter of inducement showing how the duty arose. So far as it avers the second refusal to fix the ticket occurring after plaintiff's ejection from the train, this count avers no actionable wrong, for by the preceding averments of the same count she elects to treat the contract as broken by the first refusal or failure. A breach of an entire contract committed by one party and claimed by the other discharges the contract from continuing operation so that the breach cannot be repeated. Therefore, defendants' motion to strike from the complaint these averments of what occurred on paintiff's second attempt to have the ticket validated should have been granted. The motion to strike from count 4 that part relating to plaintiff's expulsion from the train should also have been granted. This for the reason that the expulsion was not a proximate result of the wrong declared on in this count as causing the damage sued for which was solely the agent's failure to validate the ticket, considered independently of his wrong advice.

The fifth count avers that plaintiff was a trespasser on the train but declares on and confines the claim for damages to alleged excessive force used by the conductor in ejecting plaintiff from the train.

What is alleged in this count as to presenting the ticket to the Huntsville agent and his statements and conduct in that connection, is foreign to the trespass sued on and ought to have been stricken out on defendants' motion. A refusal to strike averments of redundant matter from a complaint is reversible error when and only when it affirmatively appears that thereby prejudice resulted to the defendant.—*Columbus, etc., R. Co. v. Bridges,* 86 Ala. 448; *Goldsmith v. Picard,* 27 Ala. 142. Here it is seen that the irrelevant averments above mentioned were made the basis for testimony which could not have been admissible without them and of a kind naturally prejudicial to the defense. The errors in refusing the motions to strike referred to above must be treated as entitling the defendants to a reversal of the judgment.

Averments of the conversations between plaintiff and defendants' agent at Decatur were superfluous but harmless.

A complaint should be framed upon a definite theory so as to inform the defendant of the issue he is called upon to meet and to furnish the court with the means of determining the relevancy of evidence. If this should be done upon another trial the questions involved in charges and rulings on evidence at the last trial may not again arise and, therefore, need not now be considered.

Reversed and remanded.