# J. T. Camp Transfer Co. *v.* Davenport.

### Injury from Runaway Team.

(Decided August 1, 1916.   Rehearing denied September 7, 1917.
74 South. 156.)

1. **Pleading; Construction.**—In view of the provisions of § 4143, Code 1907, a complaint which states a substantial cause of action will receive a liberal construction on appeal where no objection is previously raised.

2. **Negligence; Complaint; Sufficiency.**—Where the complaint merely states the circumstances of injury without including defendant's negligence, a general averment that plaintiff was injured as a proximate resule of defendant's negligence in respect to a duty owed plaintiff, is sufficient.

3. **Pleading; Instruction; Requested Instructions.**—Where defendant objected to the meaning of a complaint by written request for instructions it cannot be said that defendant suffered judgment to be rendered against it without objection, and hence, § 4143, Code 1907, is without application; and the complaint not being demurrable, the court must construe the same under the general rule most strongly against the pleader, in considering the request for instructions.

4. **Same; Words Used.**—The context with which a word is used in pleading must govern its meaning largely.

5. **Same; "Equipment of Team and Vehicle."**—As construed in connection with the preceding parts of the complaint, the phrase "equipment of said team and vehicle" is held to mean equipment of horses and vehicles, horses not being a part of the equipment.

6. **Negligence; Complaint; Rule.**—Although a very liberal rule obtains in construing general averments of negligence, the rule still exists that facts showing defendant's duty to plaintiff, and a breach thereof proximately causing the injury should be alleged.

7. **Highways; Collision on; Complaint.**—Where the complaint failed to charge that the horses alleged to have caused the collision belonged to defendant or that they were wild or dangerous, the complaint being construed most strongly against the pleader, and merely describing horses which were in no way peculiar, and placing no burden on defendant to keep them off the public highway, it stated no cause of action growing out of ownership or custody thereof, but merely one growing out of the management.

8. **Pleading; Complaint; Form.**—A count may be so generally framed as to permit proof of distinct acts which are breaches of the same duty, but it must be framed on some definite theory, and cannot be elastic so as to conform to various theories or developments of the case.

[J. T. Camp Transfer Co. v. Davenport.]

9. **Highways; Collision; Pleading; Instruction.**—Where the complaint failed to allege that the team causing the injury were vicious, requested instructions limiting the question of negligence to the conduct and management of the team should have been given.

10. **Charge of Court; Ignoring Issues.**—Where a charge asserted that damages could not be recovered if defendant's team became unmanageable, they were improper if they failed to hypothesiz whether it became unmanageable through the negligence of the driver.

11. **Same.**—An instruction which attempts to cover the whole case is erroneous if it omits any material issue.

12. **Highways; Collision; Instruction.**—Where evidence of the disposition of the horses was relevant on the issue of the negligence of the driver in controlling them, charges requested which might be construed as directing the jury not to consider for any purpose evidence showing the disposition of the horses, were misleading and properly refused.

13. **Trial; Reception of Evidence; Objection.**—A party cannot delay in offering objection to evidence for the purpose of speculating on what the answer will be and then, put the court in error for a refusal to instruct against considering such evidence.

14. **Bill of Exceptions; Time; Signing.**—Where the bill of exceptions is not presented to the trial judge within the time required for a review of the original trial, but was presented within the time after the overruling of a motion for a new trial, the bill of exceptions will be considered insofar as it relates to the action in overruling the motion.

15. **Highways; Collision; Pleading.**—The words "control, management, operation" of a team and vehicle used in a complaint charging collision caused by the negligence of the driver have the same or similar meaning, since evidence admissible with reference to either would be admissible to others.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN C. PUGH.

(This case was reviewed by the Supreme Court on certiorari to the Court of Appeals, and the writ denied. See *Ex parte Davenport,* 198 Ala., 74 South. 1005.)

Action by Hattie Davenport against the J. T. Camp Transfer Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded. Application for rehearing overruled.

The complaint charges that upon a certain day defendant was in charge or control of a team of horses attached to a vehicle being driven along the streets of the city of Birmingham. The plaintiff was driving on said street in a vehicle drawn by a horse, when defendant's team ran away or became unmanageable, and ran upon or against, or caused the vehicle to which they were hitched to be run upon or against, the vehicle in which plaintiff was driving, inflicting personal injuries upon plaintiff, which are

set out in extenso, and inflicting injuries upon her buggy. It is then averred that defendant was guilty of negligence in or about the management, control, operation, or equipment of said team and vehicle, and as a proximate consequence of said negligence plaintiff suffered said injury and damage. The following charges were refused to defendant:

(5) Defendant is not liable in this action, unless you find from the evidence that its driver is guilty of some negligence in the management of the team, and that this negligence was the proximate cause of plaintiff's injury.

(6) Defendant is not liable to plaintiff in this action, unless you find from the evidence that its driver did something which a reasonably prudent person would not have done, or failed to do something which a reasonably prudent person would do, under the circumstances, in the management of the team, and that this act or omission proximately caused plaintiff's injury.

(8) The mere fact that the wagon and team which ran into plaintiff's buggy belonged to defendant does not authorize the jury to return a verdict in favor of plaintiff, but before you can return a verdict in favor of plaintiff, you must be reasonably satisfied from the evidence that defendant's driver was guilty of some negligence in the management of the team which proximately caused plaintiff to be injured.

(9) You are not authorized to award plaintiff any damages on account of the injury to her buggy, unless you find from the evidence that defendant's driver in charge of the team was guilty of some negligence in the management .

(11) The driver in charge of the team is only required to exercise due care in the management of the same, such care as a reasonably prudent person would exercise under the circumstances, and if they find from the evidence that defendant's driver exercised such care in the management of the team, then they are not authorized to find that he was guilty of any negligence, and in that event the jury should return a verdict in favor of defendant.

(7) If you find from the evidence that defendant's wagon and team, while uncontrolled, ran into plaintiff's buggy and injured her, and that defendant's driver could not control said team or prevent it from running into plaintiff's buggy, and injuring her, by the exercise of ordinary care, then you will find for defendant.

[J. T. Camp Transfer Co. v. Davenport.]

(12) You are not authorized to find a verdict in favor of plaintiff on account of the character or disposition of the team which ran into plaintiff's buggy and caused her injury.

(A) Unless you find from the evidence that the team was of a dangerous disposition or vicious character, and this was known to plaintiff, you cannot consider the character of the team for any purpose whatever.

(B) The jury cannot consider the fact, if it be a fact, that a man was killed on Morris avenue by a team belonging to J. T. Camp, for the purpose of showing liability on defendant.

STOKELY, SCRIVNER & DOMINICK, for appellant. HARSH, HARSH & HARSH, for appellant.

PELHAM, P. J.—The appellee sued the appellant to recover damages for personal injuries. as well as for damages to her buggy, alleged to have been done when a team belonging to the defendant was alleged, by reason of the defendant's negligence, to have run into her buggy, in which she was riding. The only plea was the general issue.

It is urged by the appellant that the only issue of negligence in the case is whether the driver was negligent in the management or control of the team, and attempted to so limit the issues to be submitted to the jury by several written charges, which were refused, and separately assigned as error on the motion for a new trial.

The appellee contends that under the pleadings and proof, the driver's negligence in the management or control of the team was not the only issue, and that the defendant's negligence in the matter of "the equipment" of the team and vehicle and in using these horses for dray purposes in the streets of Birmingham were also questions for the jury. It is urged by the appellee that the word "equipment," as used in the complaint, includes the horses as a part of the equipment of the team, and that evidence tending to show the disposition of these horses would support the insistence that the defendant was negligent in the "equipment of said team and vehicle."

(1) We have, therefore, for consideration the rule for the construction of a complaint, after verdict for the plaintiff, where the pleadings consist of the complaint and a general denial, and where the meaning of the complaint was contested in the primary

[J. T. Camp Transfer Co. v. Davenport.]

court by written charges, and not by demurrer.—Code, § 4143, provides that: "No judgment can be arrested, annulled, or set aside, for any matter not previously objected to, if the complaint contain a substantial cause of action."

Where a judgment has been rendered without previous objection on a complaint which contains a substantial cause of action, the complaint, on appeal, will be given a liberal construction.— *American Bonding Co. of Baltimore v. New York & M. W. Co.,* 11 Ala. App. 578, 66 South. 847. The usual manner of objecting to a complaint for insufficient allegations or indefiniteness is by demurrer; but the complaint in the present case was not demurrable.

(2) It is well settled that where the complaint merely states the facts and res gestæ of the injury, not imputing the defendant's negligence to them, and without specifying the negligent acts or omissions relied on, a general averment that the plaintiff was injured as a proximate result of the negligence of the defendant in respect of the duty owed to the plaintiff is sufficient. —*Birmingham Ry., L. & P. Co. v. Barrett,* 179 Ala. 274, 60 South. 263; *Birmingham Ry., L. & P. Co. v. Gonzalez,* 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543; *Ensley Ry. Co. v. Chewning,* 93 Ala. 24, 9 South. 458.

(3, 4) The only manner, therefore, in which the meaning of the complaint in the present case could be contested by the defendant company was by written charges, which were requested by it. Having done so, it cannot be said that the defendant suffered judgment to be rendered against it without objection.— *Walker v. Marine Dock & Mutual Ins. Co.,* 31 Ala. 529. The statute not being applicable and the complaint not demurrable, we must, in determining whether the trial court erred in refusing the requested charges, construe the complaint according to the general rule, most strongly against the pleader; and if the complaint admits of two constructions, that least favorable to the pleader will be adopted.—*Lacy v. Holbrooks,* 4 Ala. 88; *Lovell v. DeBardelaben,* 90 Ala. 13, 7 South. 756; *Baker v. B. & A. Ry. Co.,* 163 Ala. 101, 49 South. 751. The context with which a word is used largely governs its meaning.

(5) When the last sentence of the complaint is read in conjunction with the preceding allegations contained therein, it will be seen that the word "team" as last used may mean "horses." We must, therefore, hold that the words "equipment of the said

team and vehicle," as here used, mean the equipment of the horses and vehicle. There is no evidence that the harness or trappings or other equipment of the horses or vehicle were defective or unsuitable for use.

(6, 7) The complaint does not allege a cause of action growing out of the ownership or custody of domestic animals which are vicious and prone or accustomed to do violence, because it fails to allege previous knowledge of the animals' vicious habits (*Strouse v. Leipf*, 101 Ala. 433, 14 South. 667, 23 L. R. A. 622, 46 Am. St. Rep. 122) ; and while our system of pleading is very liberal in the matter of general averments of negligence, our cases do. not depart from the elementary rule that the pleader must allege facts showing a duty owing by the defendant to the plaintiff and a breach of that duty which proximately caused the plaintiff's injury (*Ensley Railway Co. v. Chewning*, 93 Ala. 24, 9 South. 458; *Leach, Harrison & Forwood v. Bush*, 57 Ala. 145; *Birmingham Railway, L. & P. Co. v. Barrett*, 179 Ala. 274, 60 South. 262). The allegations of the present complaint not only fail to charge the defendant with the ownership of the horses, but also fails to describe them as dangerous, wild, vicious, or likely to run away, or as such horses that a reasonably prudent man, in the exercise of due care, would not have used in the public streets of the city of Birmingham. Wanting in such facts, we must construe the complaint, most strongly against the pleader, as describing horses about which there was nothing unusual or peculiar, and we find that it fails to show any duty owing by the defendant not to use or permit these horses to be used in the public streets, or to warn the driver as to their past history, temperament, or disposition. If the complaint had shown that the horses were unusual or likely to run away, the plaintiff's rights and the defendant's duty would have been made to appear in a more favorable light to the plaintiff. The only duty that the facts alleged show is a duty on the part of the defendant "in charge or control" of them in the public streets, on or about a certain day, to so control or manage them at that time as not to negligently permit them to injure the plaintiff or her property.

(8) While a single count under our system of pleading may be framed in so general a way as to permit proof of several distinct acts of commission or omission which are in violation of the duty alleged, the acts so shown in evidence must be breaches of that duty. A count must be framed on some definite theory, the

breach of some particular duty or the violation of some specific right, and on that theory must succeed or fail.—*McGhee, et al. v. Reynolds,* 129 Ala. 540, 29 South. 961. A complaint cannot be made elastic so as to take form with the varying views of counsel or the developments of the evidence.

(9) Written charges 5, 6, 8, 9, and 11, which limited the question of negligence to the conduct of, or management of the team by, the driver were proper and should have been given.

(10, 11) Written charge No. 7 is faulty, and was properly refused, in that it pretermits the question as to whether or not the team became unmanageable or got beyond the control of the driver by reason of his negligence. "An instruction which attempts to cover the whole case, and authorizes a finding for one party or the other, according as the jury may determine certain facts, is erroneous, if it omits any material issue."—*L. & N. R. R. Co. v. Christian-Moerlein Brewing Co.,* 150 Ala. 390, 43 South. 723.

(12) Written charge No. 12 is misleading, and was properly refused, in that it may be construed as directing the jury not to consider for any purpose the evidence tending to show the character or disposition of the horses. That evidence was relevant on the issue of the driver's negligence in the control or management of the team.—*Park v. O'Brien,* 23 Conn. 339. And for the same reasons charge A was properly refused.

(13) The evidence which was sought to be eliminated by charge B was not objected to. A party cannot be permitted, by delaying to objection to a question before it is answered, to speculate as to what the answer will be or as to the effect of such answer on the issues of the case, and then, dissatisfied after the case has been argued, put the trial judge in error for refusing to charge out such testimony.—*Western Union Telegraph Co. v. Bowman,* 141 Ala. 175, 37 South. 493; *Dowling v. State,* 151 Ala. 131, 44 South. 403; *B. R. L. & P. Co. v. Taylor,* 152 Ala. 105, 44 South. 580.

(14) The bill of exceptions in this case was not signed within the time required for a review of the main trial, but was signed in time to be used in reviewing the ruling of the court on the motion for a new trial, which was overruled.—*Shipp v. Shelton,* 193 Ala. 658, 69 South. 102; *Montgomery Traction Co. v. Knabe,* 158 Ala. 458, 48 South. 501; *Cobb v. Owen,* 150 Ala. 410, 43 South. 826. The charges above referred to were incorporated

in the motion for a new trial as grounds therefor. The judgment must be reversed, and the cause remanded.

Reversed and remanded.

EVANS, J., not sitting.

## ON REHEARING.

PELHAM, P. J.—On this application counsel reply on *Slight v. Frix,* 165 Ala. 230, 51 South. 601, in support of the contention that the complaint in this case should be liberally construed; but an examination of the opinion in the *Slight Case* shows that it is not in conflict with the principle declared in the present case, in that in the *Slight Case* "no point was made, by demurrer or otherwise, to point out any defect in the complaint or variance between it and the affidavit." Counsel further insist that written charges 5, 6, 8, 9, and 11, which limited the question of negligence to be submitted to the jury to the conduct of, or management of the team by, the driver, were properly refused, in that they pretermitted the negligence of some other servant or employee of the defendant company in the matter of failing to warn the driver of the disposition of the horses. "When the gravaman of the action is the alleged nonfeasance or misfeasance of another, as a general rule it is sufficient if the complaint aver facts out of which the duty to act springs, and that the defendant negligently failed to do and perform. * * *"—*Ensley v. Chewning,* 93 Ala. 24, 9 South. 458. But notwithstanding the fact that under our system of pleading the negligent act or acts to be proved may be alleged in general terms, such act or acts must show or tend to show a breach of the duty alleged. In the present case when the complaint showed that the defendant was in charge or control of the horses on a public street along which the plaintiff was driving or being driven, it sufficiently alleged a duty on the part of the defendant not to negligently injure the plaintiff or the plaintiff's buggy. However, it will be noticed that the complaint with reference to the defendant's duty merely charges the defendant with "the charge or control of a team of horses attached to a vehicle" in a public street along which the plaintiff was driving or being driven. Construing the complaint most strongly against the pleader, we must hold that the only duty that the facts alleged show is a duty on the part of the defendant "in charge or control" of the horses in the public streets on or about a certain day, to so control or manage them

[Snead v. Groover, et al.]

at that time as not to negligently permit them to injure the plaintiff or her property.

(15) Counsel also insist that the charges referred to were properly refused, in that in the complaint the general averment of negligence contains the words "control" and "operation," in addition to the word "management," and that they do not have the same or a similar meaning. The word "management," as well as the word "operation," when used in a general administrative sense, as in the conduct or operation of a business, might in some instances be said to have a broader meaning than the word "control;" but, as used in this complaint, evidence which would be admissible with reference to either would be admissible with reference to the other. In other words, if this complaint had consisted of several counts, and the negligence in the separate counts had been alleged by the use of one of said words in each of the counts, the same proof that would be admissible under one count to show the breach of the duty alleged in that count would be admissible under each of the counts.

Application overruled.

EVANS, J., not sitting.