(86 South. 123)

JONES v. STATE. (8 Div. 655.)

(Court of Appeals of Alabama. May 18, 1920.)

1. JURY ⟨⟩116—VENIRE CANNOT BE QUASHED FOR MISTAKE IN JUROR'S NAME.

Where the order of the court fixing the number of jurors at 62 was fully complied with, there being 37 names on the list of the regular venire for the week and, in addition, 25 special jurors were drawn, the venire cannot be quashed for a mere mistake in a juror's name.

2. CRIMINAL LAW ⟨⟩829(1)—REFUSAL OF A CHARGE COVERED IS NOT ERROR.

The refusal of a requested charge covered by the charge given is not error.

3. HOMICIDE ⟨⟩300(4)—REQUESTED CHARGE AS TO THE RIGHT TO ARM ONE'S SELF DEFECTIVE AND PROPERLY REFUSED.

In a homicide case, a requested charge that a man has the right to arm himself for purposes of protection, and' whether arming oneself was for the purpose of protection should be determined from all the evidence, and, if there is reasonable doubt, defendant should be given the benefit, is not only elliptical and unintelligible, but also argumentative.

4. CRIMINAL LAW ⟨⟩761(6) — REQUESTED CHARGE PROPERLY REFUSED AS INVADING THE PROVINCE OF THE JURY.

In a homicide case, a requested charge that, under the evidence, defendant could not be charged with fault in bringing on the difficulty by the occurrences at his house prior to the meeting of the parties at the time and place of difficulty, and, if he was free from fault at the fatal meeting, this was sufficient as to the element of self-defense, was properly refused as invasive of the province of the jury; it being for the jury to say whether defendant was free from fault in bringing on the difficulty as the result of the occurrence at his house just prior thereto.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

John Jones was convicted of murder in the second degree, and he appeals. Affirmed.

The following charges were refused to the defendant:

(1) If upon a consideration of all the evidence the jury have a reasonable doubt whether the deceased intercepted the defendant, or met him and with an open knife menaced the defendant, so that he had good cause to believe and did believe that he was in imminent danger of serious bodily harm, and defendant could not escape without increasing his danger, and was free from fault, you should find him not guilty.

(2) A man has a right to arm himself for purposes of protection. Whether arming oneself was for the purpose of protection should be determined from all the evidence, and if there is a reasonable doubt the defendant should be given the benefit of such doubt.

(3) Under the evidence in this case, defendant cannot be charged with fault in bringing on the difficulty by the occurrences at his house prior to the meeting of the parties at the time and the place of the difficulty. If he was free from fault at the time of the fatal meeting, this is sufficient as to this element of self-defense.

Bouldin & Wimberly, of Scottsboro, for appellant.

Charge 1 should have been given. 134 Ala. 24, 32 South. 674; 138 Ala. 17, 34 South. 1025; 140 Ala. 1, 37 South. 90; 171 Ala. 25, 54 South. 572. Charge 2 should have been given. 1 Ala. App. 18, 56 South. 5. On these authorities, charge 3 should have been given.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was no error committed in the drawing of the jury. 202 Ala. 360, 80 South. 442; 203 Ala. 200, 82 South. 450; 188 Ala. 100, 66 South. 112; Acts 1901, p. 320. The court did not err in refusing the charges.

BRICKEN, P. J. The indictment charged the defendant with the offense of murder in the first degree. His trial resulted in a conviction of murder in the second degree, and his punishment was fixed by the jury at imprisonment in the penitentiary for a term of ten years.

On this appeal the only questions presented are the ruling of the court in overruling the defendant's motion to quash the venire and the refusal of special written charges numbered 1, 2, and 3.

[1] The action of the court in overruling the motion to quash the venire is not insisted upon in brief of counsel for defendant; however, we have carefully examined the record in this connection, and are of the opinion that the court committed no error in this ruling. The order of the court fixing the number of jurors to try this case at 62 persons was fully complied with, there being 37 names on the list of the regular venire for the week in which the case was set for trial, as shown by the returns of the sheriff, and, in addition thereto, the court, without error, drew from the regular jury box of the county the names of 25 special jurors to try this case; the 25 special jurors so drawn and summoned for said week of court to constitute the venire

---

of 62, the number fixed by the court from which to select a jury for the trial of this cause. It appears, therefore, that no ruling of the court deprived the defendant of the full jury as ordered by the court, and that the substantial rights of the defendant in this respect were not injuriously affected. The mere mistake in a juror's name is no ground for motion to quash the venire. Smith v. State, 165 Ala. 50, 51 South. 610; Harris v. State, 203 Ala. 200, 82 South. 450; Tennison v. State. 188 Ala. 100, 66 South. 112.

[2-4] It appears upon examination that the refusal of written charge 1 was authorized, in that said charge was fully and fairly covered by the oral charge of the court. The oral charge of the court as a whole covered every possible phase of the law governing this case. Charge 2 was elliptical and unintelligible, and was also argumentative; it was therefore properly refused. Charge 3 was properly refused as being invasive of the province of the jury, as it was for the jury to say from all of the evidence whether the defendant was free from fault in bringing on the difficulty as a result of the occurrence at his house just prior to the fatal encounter, or otherwise.

It appears from the entire record that the cause was properly submitted to the jury for its consideration and determination, and that no error appears in any of the rulings of the court.

The judgment of the circuit court is therefore affirmed.

Affirmed.