## ALABAMA GREAT SOUTHERN R. CO. v. MOORE. (6 Div. 90.)

(Court of Appeals of Alabama. Jan. 9, 1923.)

1. Negligence ☞108(1)—Allegations of negligence required.

Very general averments of negligence are sufficient, but facts from which a duty naturally follows to plaintiff, a breach of such duty, and injury and damage as the proximate result thereof must be alleged.

2. Railroads ☞439(1)—Complaint for negligent killing of dog held insufficient.

Counts of a complaint alleging that defendant's engineer negligently ran a locomotive or train of cars against and killed plaintiff's dog, and claiming damages for negligently killing it, held insufficient on demurrer as not alleging facts showing a duty to plaintiff, a breach thereof, and injury and damage following as a proximate result.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by Sam L. Moore against the Alabama Great Southern Railroad Company.

Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Counts A and B of the complaint read:

"(A) The plaintiff claims of the defendant the sum of $200 damages, for that one of defendant's engineers, whose name is unknown to the plaintiff, on, to wit, about the 13th day of July, 1921, while operating a locomotive or train of cars over and along the track of the defendant's railroad at or near McCalla, in Jefferson county, Ala., negligently ran said locomotive or train of cars against and killed a red hound named 'Round,' the property of the plaintiff.

"(B) Plaintiff claims of the defendant the sum of $200 as damages for negligently killing one hound dog, the property of the plaintiff, by its locomotive or train of cars, at or near McCalla, Ala., on its railroad, on, to wit, about the 13th day of July, 1921."

Smith, Wilkinson & Smith, of Birmingham, for appellant.

A complaint seeking to hold the defendant liable for negligence of its engineer should show that the engineer was acting within the line and scope of his employment. 100 Ala. 368, 13 South. 917. Damages to be recoverable must be claimed in the complaint. 150 Ala. 412, 43 South. 826; 167 Ala. 211, 52 South. 594; 169 Ala. 22, 53 South. 767; 164 Ala. 337, 51 South. 23, 27 L. R. A. (N. S.) 670; 202 Ala. 352, 80 South. 434; 16 Ala. App. 321, 77 South. 915; 17 Ala. App. 124, 82 South. 572; 204 Ala. 199, 85 South. 529, 13 A. L. R. 302.

Benton & Bentley, of Bessemer, for appellee.

Counts A and B were good counts. 150 Ala. 386, 43 South. 719; 16 Ala. App. 567, 80 South. 141.

SAMFORD, J. [1, 2] The rule for pleading negligence has been so often stated it would seem to be unnecessary here to restate it. Very general averments of negligence are sufficient in pleading, but facts must be alleged from which a duty naturally follows to plaintiff, a breach of that duty, and injury and damage following as a proximate result. 10 Mitchie's Dig. 594, par. 53; Camp Transfer Co. v. Davenport, 15 Ala. App. 507, 74 South. 156. Neither counts A or B meet the requirements of the rule. The demurrer to each count should have been sustained.

The evidence was not sufficient to authorize a submission of the case to the jury. The general charge should have been given for defendant.

For the errors pointed out the judgment is reversed, and the cause is remanded.

Reversed and remanded.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes