(100 South. 641)

## DAVIDSON v. STATE. (8 Div. 635.)

(Supreme Court of Alabama. April 17, 1924. Rehearing Denied June 19, 1924.)

1. **Jury** ⬅116—**That one juror not resident of county held no ground for challenging array nor for quashing venire.**

Under Jury Law, § 29, that one of jurors did not reside in county was no ground for challenging array nor for motion to quash entire venire.

2. **Jury** ⬅116—**Refusing to quash venire because of error in names of jurors held not error.**

Under Jury Law, § 29, refusing to quash venire because of error in names of two jurors *held* not error.

**3. Grand jury** &#9758;11 — **Excusing grand juror held not to affect indictment.**

Excusing grand juror for sufficient cause did not affect validity of indictment, where from aught appearing there were sufficient number left to constitute legal grand jury.

**4. Homicide** &#9758;203(3)—**Dying declaration held properly admitted.**

There was no error in admitting deceased's statement that accused shot him, made shortly before his death, after saying he was going to die.

**5. Criminal law** &#9758;723(1)—**Statements by solicitor in argument held not prejudicial.**

In prosecution for murder, statement by solicitor in argument that, if jury let accused go, there would be more still, cold forms in cemeteries, *held* not so objectionable as to constitute reversible error.

**6. Criminal law** &#9758;814(3)—**Abstract instruction not based on evidence held properly refused.**

Abstract instruction not based on evidence in case *held* properly refused.

**7. Criminal law** &#9758;798(1)—**Charge for acquittal if single juror has reasonable doubt held properly refused.**

Charge to acquit if any juror had reasonable doubt of deceased's guilt *held* properly refused, though such fact would prevent conviction.

**8. Criminal law** &#9758;789(15)—**Charge for acquittal unless evidence excluded every reasonable "supposition" properly refused.**

Charge to acquit unless evidence excludes every reasonable "supposition" but defendant's guilt *held* properly refused.

**9. Criminal law** &#9758;829(1)—**Charge substantially covered by charges given held properly refused.**

Charges substantially covered by several given charges as well as by oral charge of court were properly refused.

**10. Homicide** &#9758;300(12)—**Charge for acquittal if jury has reasonable doubt whether accused acted in belief of peril held properly refused.**

Charge for acquittal if jury has reasonable doubt whether accused acted on well-founded belief of peril pretermitting other elements of self-defense *held* properly refused.

**11. Criminal law** &#9758;309—**Charge as to presumption of accused's good character held properly refused.**

Charge that accused is presumed to have good character until contrary is proved, and that, his character having been put in issue by his testifying in his own behalf, state's failure to prove character was bad necessitated finding it was good, *held* properly refused as incorrect statement of law.

On Rehearing.

**12. Criminal law** &#9758;691—**No one except party asking question can move to exclude answer as nonresponsive.**

No one except party asking question can move to exclude nonresponsive answer on sole ground that it is nonresponsive.

**13. Homicide** &#9758;158(1)—**Evidence of threat and drawing of gun some hours previous admissible.**

Though killing occurred in the afternoon, evidence that in the morning defendant told deceased he was going to kill him, and drew his gun on him, was admissible; the drawing of the gun being in the nature of a threat, and evidence thereof not being objectionable as relating to details of prior difficulty.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Emmett Davidson was convicted of murder in the second degree, and appeals. Affirmed.

A witness for the state testified that he saw the deceased lying in the road after he was shot, and that he said he was going to die; that this was about 11 o'clock in the day; and that he died at 2:30 the next morning. Whereupon the solicitor asked this question: "Now, what did he say, if anything, about who shot him?" Over objection of the defendant, the witness answered: "He said, 'Emmett Davidson shot' him." In his argument to the jury the solicitor said:

"Gentlemen of the jury, if you let this defendant go under this testimony, there will be some more still, cold forms lying out yonder in the cemeteries of this county."

These charges were refused to defendant:

"(5) I charge you, gentlemen, that unless the evidence excludes every reasonable supposition but that of defendant's guilt, you should find the defendant not guilty."

"(17) The court charges the jury that a defendant in a criminal case is presumed to have a good character until it is shown by competent and legal evidence that his character is bad, and in this case the defendant's general character was put in issue when he testified in his own behalf, and, if the state failed to prove that his character was bad, you should arrive at the conclusion that the defendant's character is good.

"(18) The court charges the jury that under the evidence in this case the defendant cannot be convicted of any offense higher than manslaughter in the second degree."

P. W. Shumate, of Guntersville, for appellant.

The venire should have been quashed. Code 1907, § 7229. There was error in the admission of evidence by the witness Ola Nailor. Rollings v. State, 160 Ala. 82, 49 South. 329; Whitaker v. State, 106 Ala. 30, 17 South. 456; Curtis v. State, 118 Ala. 125, 24 South. 111; McCormack v. State, 102 Ala. 161, 15 South. 438; Hardeman v. State, 14 Ala. App. 35, 70 South. 979; I. C. v. Lowery, 184 Ala. 443, 63 South. 952, 49 L. R. A. (N. S.) 1149; Laws v. State, 209 Ala. 174, 95 South. 819; Lambert v. State, 208 Ala. 42, 93 South. 708. The mere statement by the deceased that he was going to die did not

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

constitute his statement a dying declaration. Titus v. State, 117 Ala. 16, 23 South. 77; Justice v. State, 99 Ala. 180, 13 South. 658; Young v. State, 95 Ala. 4, 10 South. 913. The argument by the solicitor was objectionable. Glass v. State, 147 Ala. 50, 41 South. 727; Anderson v. State, 104 Ala. 83, 16 South. 108; Moulton v. State, 199 Ala. 411, 74 South. 454; Piano v. State, 161 Ala. 88, 49 South. 803; Wolffe v. Minnis, 74 Ala. 386; Sullivan v. State, 66 Ala. 48; Cross v. State, 68 Ala. 476; B. R., L. & P. Co. v. Drunnen, 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The venire may not be attacked for irregularity of the jury commission. Garner v. State, 206 Ala. 56, 89 South. 69; Jones v. State, 17 Ala. App. 447, 86 South. 123; Reed v. State, 18 Ala. App. 371, 92 South. 513; Milligan v. State, 208 Ala. 223, 94 South. 169. Excusing a grand juror is not ground for quashing the indictment. Caldwell v. State, 203 Ala. 412, 84 South. 272. Evidence as to defendant's acts of hostility toward deceased prior to the difficulty was admissible. Blair v. State, ante, p. 53, 99 South. 314; 1 Mayfield's Dig. 837; Folkes v. State, 17 Ala. App. 119, 82 South. 567. The statement made by deceased that defendant shot him was admissible. Evans v. State, 209 Ala. 563, 96 South. 923; 1 Mayfield's Dig. 284, 671. There being no motion to exclude the argument of the solicitor, there is nothing for review. Ex parte State, 210 Ala. 96, 97 South. 573; Lambert v. State, 208 Ala. 42, 93 South. 708. Charges not predicated upon the evidence are properly refused. Edwards v. State, 205 Ala. 160, 87 South. 179. Doubt in the mind of a single juror does not authorize an acquittal. Wood v. State, 17 Ala. App. 654, 88 South. 28. Charges using the word "supposition" are bad. Walters v. State, 19 Ala. App. 92, 95 South. 207.

ANDERSON, C. J. [1-3] The fact that one of the jurors, Tom Edmonds, did not reside in Marshall county, did not afford a ground for the challenge of the entire array of regular jurors drawn for the week nor for a motion to quash the entire venire. Section 29 of the Jury Law; Acts 1909, p. 317; Whitehead v. State, 206 Ala. 288, 90 South. 351; Smith v State, 209 Ala. 666, 96 South. 779, and cases there cited. Neither was there error in refusing to quash the venire because of error in the name of Jurors Bagwell and Kennemar. Section 29 of the Jury Law; Smith v. State, supra; Jones v. State, 17 Ala. App. 447, 86 South. 123. The fact that the trial court excused a grand juror for a good and sufficient cause or excuse did not affect the validity of the indictment; from aught appearing there were a sufficient number left to constitute a legal grand jury.

There was no error in permitting the state to prove by the witness Ola Nailor that defendant was armed with a gun when at her house with the deceased the day of the killing and just previous thereto, that the defendant threatened to kill deceased, and that he walked off by him with his gun drawn. These facts seem to have been a part of a continuous transaction resulting in the homicide, which occurred shortly thereafter down the road after the parties left the house of the witness. Blair v. State (Ala. Sup.) 99 South. 314; [1] Jordan v. State, 81 Ala. 20, 1 South. 577.

[4] There was no error in admitting the deceased's statement that the defendant shot him as a proper predicate was laid to render it a dying declaration.

The other objections and exceptions to the rulings on the evidence are so manifestly without merit that a discussion of same can serve no useful purpose.

[5] That portion of the argument of the solicitor as objected to was not so objectionable as to constitute reversible error. Ex parte State ex rel. Davis, Attorney General, 210 Ala. 96, 97 South. 573. Moreover, there was no motion to exclude same. Lambert v. State, 208 Ala. 42, 93 South. 708.

[6] There was no error in refusing defendant's requested charge 1. In the first place, it is not based on the evidence in the case. Edwards v. State, 205 Ala. 160, 87 South. 179. Second, it is abstract, as there was no evidence that the character of the deceased was that of a dangerous or violent man.

[7-9] Charge 2 was properly refused. If not otherwise bad, it instructs for an acquittal if any one juror has a reasonable doubt of the defendant's guilt. This fact should prevent a conviction, but would not authorize an acquittal. Charges 3 and 4 are likewise faulty. Charge 5 was well refused for the use of the word "supposition." Walters v. State (Ala. App.) 95 South. 207. [2] Charge 6 is abstract, there being no evidence as to the character of the defendant. Charge 7, whether good or bad, was substantially covered by several of the given charges as well as the oral charge of the court. Same as to charges 8, 9, and 10. Charge 11 pretermits a consideration of the evidence.

[10, 11] Charge 12 was not only abstract, but assumed that there was proof of good character for the defendant when there was no such proof. Charge 13 was covered by given charge 5. Charge 14 was bad for the use of the word "supposition." Moreover, the principle asserted was covered by many of the given charges. Charge 15 instructs for an acquittal if the jury entertain a reasonable doubt as to whether or not defendant

---

[1] Ante, p. 53.

[2] 19 Ala. App. 92.

acted upon a well-founded belief of peril, and pretermits the other elements of self-defense. Charge 16 was covered by several given charges. Charge 17 asserts no sound proposition of law.

Charge 18 invaded the province of the jury, as it was for them, under the evidence, and not the court, to say whether or not defendant was guilty of a higher degree of crime than manslaughter in the second degree.

The verdict of the jury was not contrary to the great weight of the evidence or the inferences to be drawn therefrom, and the trial court did not err in refusing the motion for a new trial.

The judgment of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.

On Rehearing.

ANDERSON, C. J. [12, 13] It is suggested upon rehearing that the original opinion, in dealing with the objections to the evidence of Ola Nailor, proceeds upon the idea that it related to the sayings and conduct of defendant when at her home in the afternoon and just before the killing and takes no account of the objections and exceptions to what she states as to what occurred during the first visit; that is, in the morning. There was no error in permitting this witness to testify that defendant told deceased he was going to kill him. This same witness was asked by the solicitor, "Did he go away?" Answer, "Willie walked off by him, and him with his gun drawed on him in the yard at my house." This evidence was not responsive to the question which was asked by the solicitor and not the defendant's counsel, and the only ground in the motion to exclude the same was because not responsive, and not because it was illegal or incompetent. It is a well-settled rule that only the party asking the question can move to exclude a nonresponsive answer upon the sole ground that it is not responsive. Patrick v. State, 18 Ala. App. 335, 92 South. 87, and cases there cited. Moreover, we are not persuaded that this evidence violated the rule against going into the particulars of a previous difficulty. The fact that defendant drew his gun on the deceased did not involve the merits or details of a former difficulty, but was in the nature of a threat or menace. Threats are admissible and they can sometimes be made by acts or conduct as well as by words. We repeat that the record in this case discloses no reversible error on the part of the trial court, and the application for rehearing is overruled.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.