164 So. 214
**W. T. SMITH LUMBER CO. v. FOX.**
I Div. 886.

Supreme Court of Alabama.
Oct. 17, 1935.

Rehearing Denied Nov. 7, 1935.

Barnett, Bugg & Lee, of Monroeville, for petitioner.

160

C. L. Hybart, of Monroeville, for respondent.

GARDNER, Justice.

As we view the case, the fundamental error into which the Court of Appeals has fallen lies in the assumption ·that the descriptive language of the deed found quoted in the opinion was plain and unambiguous, rendering parol testimony of surrounding facts and circumstances inadmissible. This description had reference to the sale of a sawmilling plant and the railroad operated in connection therewith. A detailed description of various items of property intended to be embraced in the sale of the mill plant and railroad was doubtless considered by the parties as impracticable, and no attempt at specification was made. Instead, the parties made free use of the word "equipment" as applicable to both properties.

As to the railroad, the language is, "also, the railroad and all rights of way therefor and all equipment pertaining thereto." Engines, tram cars, rails, ties, and the like were not specified, but the word "equipment" substituted therefor.

In 20 Corpus Juris 1301, in defining "equipment," is the following language: "As applied to transportation, the necessary adjuncts of a railway; the rolling stock and other movable property used in operating the railroad, as cars, locomotives, etc." Cited in the note is the case of Rubey v. Missouri Coal Co., 21 Mo. App. 159, where was the holding that pit mules, as an essential part of the apparatus ·of a mine, were included as within the meaning of the word equipment. See, also, J. T. Camp Transfer Co. v. Davenport, 15 Ala. App. 507, 74 So. 156, where equipment of team included the horses.

It requires no argument to demonstrate that cross-ties are necessary adjuncts of a railroad. And we think it equally clear that this court should take judicial knowledge of the fact that the cross-ties so used are subject to decay and from time ·to time need replacement. 23 Corpus Juris 67.

Stacked along the private spur track used by the seller in the operation of his mill plant were the cross-ties, made of pine and oak, here involved. Whether these ties were so placed for use on the railroad operated in connection with the mill plant, or for use elsewhere, presented, in our opinion, a question for the jury. And in this connection all surrounding facts and circumstances relating to the sale were admissible in evidence. If so placed for repair of the railroad, they clearly constituted a part of the equipment of the road, and within the meaning of the descriptive language used in the deed. The language was therefore not ´plain and unambiguous, for what was embraced within the meaning of the word "equipment" presents a matter of ambiguity calling for admissible parol proof.

We need state no agreement with many of the authorities cited in the notes to 18 Corpus Juris 296, but they may serve somewhat as illustrations. Rules of construction here applicable are well understood, but a restatement of the controlling principles as found in the following quotation from our recent case of Nettles v. Lichtman, 228 Ala. 52, 152 So. 450, 452, 91 A. L. R. 1455, may prove of some aid upon a retrial of the cause: "And it is the well-settled rule that, where the language of a deed is ambiguous, the intention of the parties may be ascertained by a consideration of the surrounding circumstances existing at the time of its execution, and for this purpose the court will place itself as nearly as possible in the position of the parties when the instrument was executed. 18 Corpus Juris, p. 260. To ascertain the intent in respect to the property conveyed, reference may be had to the state of facts as they existed when the instrument was made, and to which the parties may be presumed to have had reference. 18 Corpus Juris, 280. Of course the entire instrument is to be considered, and, if it can be reasonably done, and not inconsistent with the general intent of the whole instrument, effect and meaning should be given to every clause, word, and expression, so that the deed may operate according to the intention of the parties. 18 Corpus Juris, 258. These general rules were here recognized in the recent case of Walker v. Smith Lumber Co., 226 Ala. 65, 145 So. 572, 574, where it was said: 'Deeds of bar-

gain and sale \* \* \* for a valuable consideration are to be construed most strongly against the grantor and in favor of the grantee, and, of course, in the matter of construction it is the duty of the court to look at the whole conveyance, the circumstances under which the contract was made, the relative position of the parties, and the purpose and object designed to be accomplished. The intention of the parties to the instrument, when clearly ascertained, is of controlling efficacy.' " See, also, American Standard Life Ins. Co. v. Johnson, ante, p. 94, 163 So. 632.

We conclude, therefore, the case was not one calling for the affirmative charge. The ruling of the Court of Appeals being out of harmony with these views, the writ of certiorari is awarded, and the judgment of affirmance here reversed.

Writ granted. Reversed and remanded.

All the justices concur.