PARSONS *vs.* THE STATE.

1. When a prisoner who has been convicted of a felony escapes from jail, after suing out a writ of error to reverse the judgment of conviction, and the fact of his escape is brought to the knowledge of the Appellate Court by affidavits, it is nevertheless the duty of that court to proceed with the cause, and, without any reference to the facts outside of the record, to determine whether the conviction was according to the forms of law.

2. When a juror is summoned in a criminal case, the sickness of his family, if of such a character as to demand his personal attention, is a sufficient excuse to authorize his discharge, on application to the presiding judge.

3. But when the record shows that, after a list of the jurors directed by the court to be summoned had been served upon the prisoner, and before the day appointed for his trial, two of the pannel were discharged from their attendance by the judge, without the knowledge or consent of either the prisoner or his counsel, and that the prisoner, by his counsel, objected at the trial to this action of the court, the judgment of conviction will be reversed on error, although the bill of exceptions recites that they were discharged "on the ground of the sickness of their families."

4. In such case, the prisoner may move for a *venire de novo ;* but when the record shows that he objected at the trial to the action of the court, and that the court then decided that the jurors were properly discharged, this is equivalent to deciding that there was no ground for a *venire de novo,* and the objection may be taken on error assigned in the Appellate Court.

ERROR to the Circuit Court of Dallas.
Tried before the Hon. NATHAN COOK.

The plaintiff in error, Nelson Parsons, was indicted for the murder of Drury Mayo. The record shows that his trial was set for Wednesday, the 7th day of November, 1852, and that, on the Saturday preceding, the sheriff summoned one hundred jurors for the trial, in pursuance of an order of the court; that a list of these jurors was served on the prisoner, as the law directs; that on the day of trial, after the State and the prisoner had announced themselves ready, and after the names of the jurors summoned had been deposited in a hat, the drawing commenced, and a portion of the jurors been tried and sworn, the names of two persons, whose names were on the list and who had been summoned, were called, and they did not appear. The record shows that they had been discharged, on application made to the presiding judge, on the preceding Monday, "on the ground of the sickness of their families;" that such discharge was made without the knowledge or consent of either the prisoner or his counsel, and that they did not know of it until the names were drawn. The prisoner, by his counsel, objected to the action of the court in discharging said jurors from their attendance; but his objection was overruled, and the trial proceeded.

Before the hearing in this court, affidavits were filed, showing that the prisoner, after a writ of error had been granted, had escaped from jail, and had not been retaken.

WM. M. MURPHY, for plaintiff in error.
M. A. BALDWIN, Attorney General, *contra.*

GOLDTHWAITE, J.—A preliminary question is raised upon the affidavits presented to the court showing that, since the writ of error has been granted, the prisoner has escaped from jail, and has not been retaken; but we do not see how that fact can operate to prevent us from considering the questions presented upon the record, as to the legality of his conviction. The law regulating writs of error upon convictions for felony, impliedly dispenses with the attendance of the prisoner, by providing that he shall be detained in custo-

dy to abide the judgment rendered by the appellate tribunal. He appears here by his counsel, and is tried by the record alone; and although he may have committed an offence against the law by escaping, this court has no jurisdiction to ascertain such offence. Our only duty is to determine upon the record, whether the conviction has been according to the forms of law, and that duty must be discharged without any reference to the facts outside of the record.

As to the main question in the case : By the provisions of the Penal Code, the prisoner in capital felonies is entitled to twenty peremptory challenges, and the law requires the court to make an order directing the sheriff to summons for the trial a certain number of persons to serve as jurors, not less than fifty nor more than one hundred, including the regular pannel; and that the prisoner should be served with a list of the jurors two entire days before his trial. Clay's Dig. 459 § § 53, 54, 55. Taking these several provisions together, there can be no doubt as to the object of the last enactment. The prisoner was to be furnished with the names of the individuals from whom the jury would probably be selected, to afford him the opportunity of ascertaining whether causes for challenge existed; and also for the purpose of enabling him to exercise, understandingly, the privileges conferred upon him as to peremptory challenges. If the list served upon the prisoner contained the names of persons who were not summoned, it is obvious that it would not be a compliance with the terms of the statute; it would not be the list of jurors summoned for the trial; and every one can see also that in such a case the beneficial objects of the statute, so far as the prisoner was concerned, might be impaired. We have held, more than once, that the provision was not directory merely, but that it was a matter of right, and that the failure to observe it was, unless waived by the prisoner, an irregularity which was fatal on error. The State v. McLendon, 1 Stew. 195.

The defendant being entitled to demand a compliance with the requisitions of the statute, as a matter of right, it follows necessarily, that any action of the court which impaired or diminished this right, must, when presented upon the record, be equally as fatal on error, as an absolute and unqualified denial of it.

Applying these principles to the case before us, there is but little difficulty in its determination. The record shows, that after the number directed by the court had been summoned, and the list served upon the prisoner, two of the persons thus summoned had been discharged by the judge from attending; and that this was done before the day appointed for the trial, and without the knowledge or consent either of the defendant or his counsel. If the judge can rightfully discharge one of the jurors summoned, he can exercise the same power in relation to the entire pannel; and the consequence would be, that the right which it was the object of the statute to secure, would be rendered unavailable by the action of the court. But it is urged that, in the present case, the jurors were not arbitrarily discharged from their attendance, but that the record shows they were excused for good cause. The cause assigned in the bill of exceptions is, the sickness of the families of the jurors; and although we are of the opinion that this may, under some circumstances, be sufficient ground of excuse, yet it does not follow that it is in every case. It certainly requires no argument to show that, if the wife or child of a juror is at the point of death, he would not be in a state of mind to discharge the duties which devolved upon him, with that degree of patience, calmness and deliberation, which was due in the investigation of cases of this magnitude and importance; and it would unquestionably be the duty of the court to discharge a juror under such circumstances. We would go still farther, and extend the application of the principle to every case in which it appeared that the sickness was of a character which demanded the personal attention of the juror; but unless this does appear, the court would not be authorized to discharge the juror on this ground. The case, however, as made by the record, does not show an emergency of this character; and had the juror appeared at the trial when called, and a motion then had been made to discharge him for the mere sickness of his family, without showing that his personal attention was necessary, the court would not have been authorized to discharge him. Bolles v. The State, 13 S. & M. 398. The discharge here was two days before the trial, and *non constat* that the grounds of excuse may not have been re-

moved before the day on which the attendance of the jurors was required.

But, again, it is insisted on the part of the State, that, conceding that the excuse was insufficient and the discharge illegal, the defendant cannot avail himself of the irregularity for the reason that he did not move for a *venire de novo ;* in other words, that by failing to make this motion, he waived any objection to the discharge of the jurors. Unquestionably he could have made this motion, and if the court had been satisfied that the jurors had been illegally discharged, it would have been proper to have directed a new *venire;* but the court decided, when the objection was raised, that the jurors had been properly discharged, and this was, in effect, deciding that there was no ground for a *venire de novo.* The improper granting or refusing of a challenge may, however, be taken advantage of on error, if it appears from the record. State v. Shaw, 3 Ired.; King v. Edmunds, 4 B. & A. 472. And although this was neither the granting or refusing a challenge, the principle is the same.

For the error in the action of the court, the judgment must be reversed and the cause remanded.