BOGGS *vs.* THE STATE.

[ INDICTMENT FOR MURDER. ]

1. *Juror, discharge of ; when error.*—On the trial of a felony, it is error for the court, against the objection of the accused, to discharge a juror who had been regularly summoned and drawn, because since such juror was summoned, and before he was drawn, he had been convicted of an assault, and at the time of the trial was confined in the county jail,

2. *Same; right of accused in relation to.*—When the name of such a juror is drawn in making up the jury, it is the right of the accused to have him put upon the jury or challenged by the State. The court can not, *ex mero motu*, discharge such juror.

APPEAL from Circuit Court of Randolph.
Tried before Hon. CHARLES PELHAM.

The appellant was indicted for murder, tried, found guilty of murder in the second degree, and sentenced to ten years imprisonment in the penitentiary.

From the bill of exceptions, it appears that after the prisoner had been arraigned and pleaded not guilty, the court made an order that the sheriff " summon fifty persons, in addition to the regular panel, for special jurors to serve in said cause." Among the persons so summoned was one Strickland, whose name was drawn in making up the jury, and thereupon it was announced that he was then in the county jail, and had been convicted of an assault since he was summoned by the sheriff, but before he was drawn for the trial. The court directed the clerk to draw another name, to which defendant objected, and insisted on his right to have said Strickland put upon the jury or challenged by the State. The court overruled the objection, and defendant excepted.

The view of the case taken by the court renders it unnecessary to notice the other exceptions reserved to the rulings and charges of the court below.

C. D. HUDSON, for appellant.
JOHN W. A. SANFORD, Attorney-General, *contra*.

PETERS, J.—The constitution of the State gives the right of trial by jury, and the legislature has prescribed how this jury shall be summoned and selected.—Const. Ala. 1867, Art. 1, §§ 8, 12 ; Rev. Code, § 4173. The manner of drawing each member of the jury until the jury is made up, and the number and causes of the challenges, are all carefully designated by law.—Rev. Code, §§ 4177, 4178, 4179, 4180, 4182, 4183. The rules thus laid down are peremptory, and it is the right of the accused to have each

strictly complied with. They are a portion of the formalities which constitute a proceeding "by due process of law." If it were permitted to disregard one of these formalities, without the consent of the accused, all might be set at naught. This has never been the construction given to these important statutes.—*Brister v. The State*, 26 Ala. 107; *McAllister v. The State*, 17 Ala. 434; *Parsons v. The State*, 22 Ala. 50. A juror who is physically unable to sit upon the jury, "may be excused on his own motion, or at the instance of either party."—Rev. Code, § 4184; *James Lyman v. The State*, Jan. T. 1871. But the court is not authorized to reject him except for some of the reasons given in the statute, and in the manner prescribed by law, without the consent of the accused.—*McCauley v. The State*, 26 Ala. 135. Here the reasons upon which the juror was rejected, and the manner of the rejection, were not such as were allowed by law. The court therefore erred in its action in this particular.

Let the judgment of the court below be reversed and the cause remanded for a new trial. But if the accused, said Joseph M. Boggs, has been committed to the penitentiary, the proper order will be made authorizing the sheriff of Randolph county to have said Boggs delivered to him by the warden of the penitentiary, and by him remanded to the jail of said county of Randolph, and by him kept until discharged by due course of law.