# Moseley v. The State.

*Indictment for Murder.*

1. *Excusing jurors on special venire without defendant's consent.* Where jurors summoned on a special *venire* for the trial of a capital case are excused from attendance by the court, of its own motion, without defendant's consent "for reasons deemed sufficient by the court," as stated in the order, it will be presumed on appeal that the reasons were sufficient, and such action of the court is not reversible error. (*Fariss v. State*, 85 Ala. 1, followed.)

2. *Charge as to character of deceased for violence, &c.*—A charge that, "where the character of a man is notoriously turbulent and aggressive, and his threats are brutal, ferocious, and recently made, his armed entry on the premises of his assailant might readily be inferred by a jury as being of so hostile a character as to place the defendant in imminent danger," some of the facts predicated being controverted, is properly refused, as misleading and on the weight of evidence.

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOMAS M. ARRINGTON.

Appellant was indicted and tried for the murder of one Jerry Stewart, and was convicted of murder in the second degree. The rulings of the lower court, reviewed on this appeal, are sufficiently stated in the opinion. The evidence for the State tended to show that the defendant was guilty as charged. There was evidence introduced in behalf of the defendant tending to show that Stewart, the deceased, was a man of violent and turbulent character, and that he was regarded as a fighting, quarrelsome man, and that he had threatened the life of the de-

fendant. Upon the introduction of all the evidence the defendant requested the court to give the jury the following written charge, and duly excepted to the court's refusal to give said charge as asked : "Where the character of a man is notoriously turbulent and aggressive, and his threats are brutal, ferocious, and recently made, his armed entry upon the premises of his assailant might readily be inferred by a jury as being of so hostile a character as to place the defendant in imminent danger."

JOHN G. WINTER, for the appellant.

W. C. FITTS, Attorney-General, for the State.

COLEMAN, J.—The defendant was convicted of murder in the second degree. There are but two exceptions in the record to the ruling of the trial court.

The defendant moved the court to quash the *venire*, upon the ground, that the court of its own motion had excused from attendance without his knowledge or consent and in his absence, certain jurors summoned on the regular panel, whose names were on the special *venire* served on him, from which the jury, for his trial, was to be empanelled. The order of the court was, "that said jurors be excused from further attendance for reasons deemed sufficient by the court." The authority of the court to excuse a juror by a similar order, arose in the case of *Farris v. The State*, 85 Ala. 1, and it was said, "It must be presumed that judges, in excusing jurors, act on correct principles, and discharge them only for good and sufficient reasons," and it was decided, that the court committed no reversible error, in excusing the jurors. The rule settled by the decision in the *Farris Case*, was recognized as the law, in the subsequent case of *Maxwell v. The State*, 89 Ala. 150. The facts of the case of *Sullivan v. The State*, 102 Ala. 135, are not stated. When the principles declared are referred to the facts as they appear in the record, there is no conflict in the case with our conclusion.

The second exception relates to the refusal of the court to charge the jury as requested by the defendant. The charge requested, when referred to the evidence, was calculated to mislead the jury. Some of the facts predicated in the charge were controverted, and the inference,

which the jury by the charge were authorized to infer from them, is stated in a manner calculated to influence the jury to draw the inference stated, in the case at bar. In this respect it is a charge on the weight of the evidence, and an invasion of the province of the jury.

Affirmed.