# Tennison v. The State.

### *Murder.*

(Decided June 30, 1914.   Rehearing denied July 25, 1914.

*Jury; Objections; Waiver.*—Where the first motion of defendant to quash the venire was not sufficient under the statute, errors in the selection of the special venire were waived, and a defendant cannot, by an objection to being put on trial and a motion to quash on the ground that the court, after fixing by its order the number of the special venire, erred in excusing some of them, thus reducing the number of jurors to a less number than fixed by the order, not made until after the selection of the jury, take advantage of the error.

(Mayfield, J., dissenting.)

APPEAL from Limestone Circuit Court.

Heard before Hon. D. W. SPEAKE.

Fletcher Tennison was convicted of murder and he appeals.   Affirmed.   For former report of this case see 183 Ala. 1, 62 South. 780.

W. R. WALKER, for appellant.   Section 32 of the jury law, Acts, Special Session, 1909, page 319, provides "that the court in a capital case must make an order commanding the sheriff to summon not less than fifty nor more than one hundred persons, including those drawn and summoned on the regular juries for the week set for the trial of the case, and must cause a list of the names specially drawn, and those summoned for the week to be served upon the defendant; and the court is then further required to pass upon the qualification of of the persons who appear in court in response to the summons to serve as jurors, and cause a list of the qualified jurors to be made and from which list the jury is selected."   "Where the court by its order designates a certain number of persons as constituting the venire to

[Tennison v. The State.]

try a capital case, and the record shows that less than that number of persons were furnished as such venire, it results that the defendant is deprived of the venire fixed by the order of the court and contemplated by law, and is such error as will reverse."—Acts S. S. 1909, sec. 32, page 319; *Jackson's Case*, 171 Ala. 38; *Harris' Case*, 172 Ala. 413; *Bailey's Case*, 172 Ala. 418; *Clark's Case*, 57 South. Rep. 1024; *Edgar's Case*, 62 South. Rep. 800; *Fowler's Case*, 63 South. Rep. 40; *Andrews' Case*, 174 Ala. 11. In the case at bar there appears in the record the organization of the jury, and the excusing of the ten summoned, thereby reducing the number of the regular venire by ten; and subsequent to this appears the order setting the day ·for the hearing, and the order setting the number of jurors at 88. Hence, the record shows the error in the order, just exactly as the court by its own motion said the error appeared in *Jackson's Case*, 171 Ala. 38, *Andrews' Case*, 174 Ala. 11, and *Rudolph's Case*, 172 Ala. 379, and in *Underwood's Case*, 60 South. 842, *Clark's Case*, 3 Ala. App. 5, and in *Seay's Case*, 172 Ala. 382, was no order at all.

R. C. BRICKELL, Attorney General and T. H. SEAY, Assistant Attorney General, for the State.

MAYFIELD, J.—Appellant was indicted, convicted, and sentenced to life imprisonment, for the murder of Arthur Slaton, by shooting him with a gun.

This is the second appeal. Some of the questions raised on this appeal, as to the admission of evidence touching the hearing of voices in the house and the crying of a woman, were presented on the former appeal and decided adversely to appellant; and we now adhere to that decision. There are other questions as to the admissibility of evidence against the accused, which were not presented on the former appeal.

The state was allowed on this trial, over the objection of the accused, to prove that, prior to the killing, deceased was convicted of selling liquor in violation of the prohibition laws, and that defendant confessed judgment for a fine and costs in that case as surety for deceased, and to prove a contract between the two by which the deceased agreed to work for the defendant at $4 per month until the fine and costs were paid.

The state was also allowed to prove by the wife of the deceased that she heard defendant tell deceased that the former would furnish the money to buy whisky and deceased could sell it, and they would divide the profit. This evidence was clearly admissible, in connection with other evidence, to show motive to commit the crime charged. Standing alone, it might not have such tendency; but in connection with other evidence which was unquestionably admissible, it does tend to show motive and corroborates other evidence of the state.

There was evidence tending to show that defendant was apprehensive that deceased might be a witness against him for some criminal offense, and that defendant was desirous of getting him out of the way, so that he could not or would not appear as a witness against the defendant. This evidence tended to show that defendant was guilty of a crime, and that the deceased could testify against him, and therefore that there was a motive for the killing as charged. There was evidence that the defendant had said before the killing that he would have to get Slaton out of the way before court sat, to keep him (Slaton) from appearing against him (defendant) in court; that if he could not get him out on good terms, he would on bad. It was also testified by one witness that defendant told the witness, a short while before the killing, that if he met Slaton that day he would put him out of the way, and that he told wit-

ness that he (witness) would have to help to drag Sla-
ton off the bushes. All this evidence offered by the state,
as to which the defendant objected and excepted, was
properly admitted. It is unnecessary to treat each
phase of testimony separately. All the objections and
exceptions as to the evidence were without merit, for
the reasons assigned in this opinion, and those on the
former appeal.

There was no error as to the giving or refusing of
special instructions to the jury.

The case has been well briefed by able counsel, and
there is no intimation that there was error as to the
charges. While, of course, neither assignment of errors
nor insistence in brief is necessary in criminal cases, we
mention this to show that we have carefully examined
the record, as required by the statute.

The question most urgently insisted upon by counsel
for appellant as error to reverse is as to the special ven-
ire from which the jury was selected to try the cause.
The order of the court as to the special venire, which is
material to the question for discussion, is as follows: "It
is further ordered that the number of jurors for the trial
of defendant be fixed at 88, and that the sheriff summon
50 special jurors which the court then drew in open
court, the defendant being personally present and by
attorney which special jurors, together with the 38 ju-
rors drawn and summoned on regular juries for the
week during which defendant's trial is set, making a
total of 88 persons, will form the venire from which to
select a jury to try the defendant."

The defendant, by a timely motion, moved the court
to quash the special venire, and objected to being put
upon trial on the ground that: "Prior to the order of
the court, directing that the jurors summoned for this
week of the term and special jurors drawn shall consti-

tute the venire from which to select a jury to try this defendant, the court had excused 10 of the jurors summoned for this week of the term, thus, in effect, reducing the number of jurors constituting the venire in this case from 88 jurors to 78 jurors, and upon the further ground that the list of jurors served upon this defendant from which to try him this day consisted of 88 names made up of 38 jurors summoned for this week of the term and 50 jurors drawn in open court, as a special venire for this cause, which, under the order of court made on a former day of this term, should constitute a special venire from which to select a jury to try this defendant, but, prior to the order of the court declaring what number should constitute the venire to try this cause, the court had excused 10 of the jurors, thereby depriving this defendant of a venire consisting of 88 names to which he was entitled under the order of the court, and furnishing him in fact a venire of only 78 names."

The facts stated in this motion were in open court admitted by the state to be true. The court overruled the motion, and required the trial to proceed; and the jury for the trial was selected without the ten jurors who had been formally excused being present, or being summoned after the case was set for trial and this special venire ordered. The defendant was thus required to select a jury of 12 for the trial of his case, from a venire of 78 instead of 88, as the previous order of the court fixed and directed. He was thus, by the action of the court, deprived of the presence of 10 persons of a number fixed by the statute and named as a class to constitute the venire for the trial of his case. This was clearly error, and if the question was properly raised, and not waived by the defendant, it must work a reversal of the judgment.—*Jackson's Case*, 171 Ala. 38, 55 South. 118.

[Tennison v. The State.]

It is very probable that the defendant will never have present the full number of persons fixed by the order of the court from which to select the 12 to try his case; some may not be competent; some may be sick, or be engaged in the trial of another case, or be absent upon other unavoidable contingencies. The absence of jurors for such causes is no fault of the trial court, and never affords cause for quashing the venire, or delaying the trial to obtain the full number. Both the statutes and the decisions of this court so declare. But if the accused is deprived of the full number by some unauthorized act of the trial court, and the attention of the court is called to the error within time to correct it, it is the duty of the court to correct it; and a failure so to do must work a reversal where the error is to the prejudice of the accused.

It will not do to say that the court, by the initial order, could have fixed the number at 50, and that defendant, having the 78, would then have had more than the minimum number fixed by the statute, and therefore that he has no cause to complain. When the court, by the order, fixed the number at 88, this fact became a part of the record of the court, and gave the accused the same right to have that number, no more and no less, as if the statute had named 88 as the fixed number. Suppose the statute had thus fixed the number at 88, it would not do to say that, because the Legislature could have fixed a less number, the accused had no right to complain if he was given a less number than that fixed by the statute.

As before stated, the mere fact that all the persons enumerated in the order, or the full number, do not appear, from which to select the jury of 12 does not necessarily give the accused the right to quash the venire, or to postpone the trial until such persons can be brought in or substituted. The statute itself contem-

plates such contingencies as those specified, and provides that they are not grounds to quash or to postpone the trial; but, where the persons enumerated in the order are absent by the unauthorized or erroneous act of the trial court, the rule is different, and it is then the duty of the court to correct the error upon timely application, and a failure or refusal to attempt to correct such error, under such conditions, will work a reversal.

This distinction between unavoidable absences and those caused by the act of the trial court was pointed out by this court in the case of *Adams v. State*, 133 Ala. 166, 171, 172, 31 South. 851, and in *Evans' Case*, 80 Ala. 6. Here, as in *Adams' Case*, the defendant was deprived of the full number, 88, by the act of the court itself in excusing 10 of the regular venire before the case was set for trial, and before the defendant ever had a right to their presence, or to object to their being excused, and by the failure to order the sheriff to summon them to appear as jurors for the trial of this case, as the statute expressly directs. The statute in this respect is as follows: "The court must, on the first day of the term or as soon as practicable thereafter, make an order commanding the sheriff to summon not less than fifty nor more than one hundred persons *including those drawn and summoned on the regular juries for the week set for trial.*"

The order in this case did not follow the statute as where italicized above; that is, it did not order the sheriff to resummon those persons "drawn and summoned on the regular juries for the week." If the court had so ordered, there would be no error of the court of which the accused could complain, though the sheriff had not resummoned them, or, being so summoned, they had failed to appear, or, if appearing after being summoned, the court had for good cause excused them. The statutes

[Tennison v. The State.]

and the decisions make allowances for such contingen-
cies; but, as we have shown, neither was the case here.
The court excused these 10 jurors before they were even
liable to jury service on this special venire, and failed
to order them resummoned, after they were drawn as ju-
rors for the trial of this case. A trial court can, for good
cause, excuse a juror from jury service after he is drawn
and made liable for the particular service from which
he is excused; but that does not excuse him from all
jury service in the future, for which he is not then lia-
ble.

The 10 jurors in question were no doubt properly ex-
cused from jury service on the regular venires for the
week for which they had been selected; but this did not
excuse them from service on special venires like the one
in question, for which they had not then been selected,
named, or made liable.   The regular venires for the
week, and the special ones for the trial of capital cases
for the same week, are separate and distinct entities,
notwithstanding the regular ones are by the statute
made a part of the special ones.   They are treated so
by the statutes and by the decisions of this court.   See
*Howard v. State,* 159 Ala. 30, 49 South. 108, and *Wald-
rop v. State,* 185 Ala. 20, 64 South. 80.   This is clearly
pointed out by this court, speaking through SOMERVILLE,
J., in *Waldrop's Case.*   It is there said:  Under the pre-
vious statute (section 7263, Code 1907) only the special
veniremen were required to be summoned specially for
the trial, and it may be that the new provision that the
*entire* venire, including the regular jurors drawn and
summoned for the week, shall be summoned specially
for the trial was intended to remedy the situation re-
sulting from the decision in *Howard v. State,* 159 Ala.
30, 49 South. 108, wherein it was ruled that regular ju-
rors for the week in which a capital case is set for trial

were not competent jurors for that trial if postponed to a later week, because they were not *specially summoned,* and therefore did not fall within the exception to the prohibition found in section 7247 of the Code. But, however this may be, it is certain that the failure of the court to cause such regular jurors to be *specially* summoned is a defect which may be waived by the defendant, and which is waived by his failure to object to them as a part of the special venire before the trial is begun.—*Thomas. v. State,* 94 Ala. 74, 10 South. 432; *Howard v. State,* 108 Ala. 571, 18 South. 813; section 29 of Jury Law (Sess. Acts 1909, p. 317). And it would seem that, even upon seasonable objection by the defendant, the irregularity would not be prejudicial error, unless it resulted in depriving him of the benefit of the number and character of veniremen named in the order of the court. Section 29 of the present law is explicit in declaring that all provisions 'in relation to the selection, drawing, summoning or impaneling of jurors' are merely directory, and not mandatory, and that 'no objection shall be taken to any venire of jurors except for fraud in drawing or summoning the jurors.' "

It is certain that the defendant did not waive the error in this case, he made timely objection, which would have enabled the court to correct the error, and to order the 10 jurors summoned, as the court should have done in the initial order fixing the number at 88.

It is true that the motion of the defendant was to quash the venire, and we are not prepared to say that there was error in refusing to quash because the statute limits the grounds for which venire may be quashed, or objections taken thereto, except for fraud in drawing or summoning the jurors. There was really no objection here to any of the venire or to its members. The real objection and insistence was that the accused be allowed

the venire ordered, and not a part of it only.  There was
no complaint as to the venire ordered, fixed, or drawn,
or to any one person a part of it; but the insistence was
that the defendant be given the venire which the order
of the court, by aid of the statute, had given him.  This
much he was entitled to, and should have been awarded,
if practicable.

It may be that it would have been useless for the court
to have ordered these 10 persons summoned, but there is
no presumption of law that they would not have appear-
ed, or, appearing, that they would have been excused, as
they were, from service on the regular jury.  The pre-
sumption must be indulged that if they had been sum-
moned, they would have appeared and served.

A case in some respects similar to this was presented
on the appeal of *Ziniman v. State,* 186 Ala. 9, 65 South.
56, in which case the effect of certain provisions of the
present jury statute (Acts 1909, pp. 305-320), touching
what is mandatory and what is not, and when the venire
may be quashed and when not, was discussed.  In that
case, however, the mistake was merely as to the name
of one of the persons summoned as a juror; there was
no mistake or error of the court in failing to order the
sheriff to summon all of the persons designated in the
order for the special venire, nor in failing to correct the
order when the attention of the court was called to the
error by motion of defendant.  It is true there was a
motion to quash in both cases, and the court properly de-
clined to quash in both cases; but here the motion to
quash pointed out the error of the court, and the court
could then have corrected the error, but declined to so
do.  It is true that the motion did not in terms request
the court to then direct the clerk to summon the 10 per-
sons in question; but attention was called to the error of
omitting to require that the regular venire be resum-

[Tennison v. The State.]

moned as the statute directs; and the court could and should then have corrected the error.

The majority of the court, however, hold that there was no error to reverse, and the case must be affirmed, and the views of the majority are given in the opinion of GARDNER, J., below.

GARDNER, J.—The foregoing, as to the question of the venire upon which the writer of this opinion would reverse the cause, expresses his views only. The majority of the court are of the opinion that the trial court cannot be put in error for its rulings in this respect, as shown by the record, and their views may be expressed as follows: The bill of exceptions on page 3 of the record shows that the defendant in the court below made a motion to quash the venire in the cause, upon the grounds previously herein stated, and which motion was overruled. As these grounds of the said motion were not such as would authorize the sustaining of the motion to quash the venire under the language of the statute, then it follows necessarily that the motion was properly overruled. The question was not sought otherwise to be raised, until *after the selection* of the jury, when defendant (page 4 of the transcript) made a motion to quash the venire and objected to being put upon trial, etc. The objection to being put upon trial was joined with the second motion to quash the venire, and was not made until *after the selection of the jury*.

The majority of the court are therefore of the opinion that, whether there was error as to the question of said venire (a question not necessary to be decided), the trial court cannot be put in error for any ruling made thereon as here presented, and that therefore, there appearing no reversible error in the record, the judgment should be affirmed.

[Washington v. The State.]

Affirmed.

ANDERSON, C. J., and McCLELLAN, SAYRE, SOMERVILLE, and DE GRAFFENRIED, JJ., concur. MAYFIELD, J., dissents.