# CASES

IN THE

# SUPREME COURT OF ALABAMA

NOVEMBER TERM 1914-15

## Carmack v. The State.

*Murder.*

(Decided January 21, 1915. 67 South. 989.)

*Jury; Selection; Venire; Objection.*—Under Acts 1909, p. 317, a venire fixing the number at 75, for the trial of a capital case, to be composed of the regular jurors for the week, and 18 special jurors, will be quashed on timely motion, where, in organizing the regular juries for the week the court excused 26 jurors on the venire, and made no order requiring them to be re-summoned for the trial of the defendant; thus reducing the special venire, in effect, to 49. Where, after motion to quash was overruled, the defendant objected to being put to trial on the ground that less than the required number of jurors had been summoned, a conviction before such a panel will be reversed.

APPEAL from Lee Law and Equity Court.

Heard before Hon. LUM DUKE.

Homer Carmack was convicted of murder, and he appeals. Reversed and remanded.

The record shows that defendant moved to quash the venire on the ground that the number of jurors summoned for his trial was less than the number fixed by the court for the venire, and less than 75 persons, and on other grounds not necessary to be here set out. The court overruled the motion, and defendant objected to being put to trial on the ground that less than the required number of jurors has been summoned.

1—I91

[Carmack v. The State.]

A. E. BARNETT, and GLENN & DE GRAFFENRIED, for appellant.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State..

PER CURIAM.—It appears that the special venire to try this case was fixed at 75, to be composed of the regular jurors for the week, together with 18 special jurors drawn by the court. It also appears that the trial court, upon the organization of the regular juries for the week, excused 26 jurors who were upon the venire to try this case, and made no order requiring them to be resummoned for the trial of this defendant, as provided by the act of 1909 (page 317.)—*Waldrop v. State,* 185 Ala. 20, 64 South. 80. It thus appears that by excusing these 26 jurors, and in not ordering them summoned to try this case, the special venire was in effect reduced to 49—less than the minimum number required by law. This question was gone over in the case of *Tennison v. State,* 188 Ala. 90, 66 South. 112, but a majority of the court held that the action of the court was not questioned by a proper and timely objection. Here, however, the record shows that the defendant did make a proper and seasonable objection to being placed upon trial with the venire in this condition; and we think that the trial court erred in so placing him upon trial.

Reversed and remanded. All the Justices concur except DE GRAFFENRIED, J., not sitting.