(78 South. 449)

### WHITE v. STATE. (7 Div. 875.)

(Supreme Court of Alabama. Feb. 7, 1918. Rehearing Denied April 4, 1918.)

**1. CRIMINAL LAW ⟨⟩280(2)—PLEA IN ABATEMENT—DEMURRER.**

In prosecution for murder, pleas in abatement merely stating in general terms as if by conclusion that the grand jury found the indictment at a time when it was not authorized by law to do so were demurrable.

**2. CRIMINAL LAW ⟨⟩280(2)—PLEA IN ABATEMENT—TIME OF FINDING—INDICTMENT.**

In view of Acts Sp. Sess. 1909, p. 45, creating Shelby county court, and providing for two terms annually, and page 305, § 23, as to objections to formation of grand jury by plea in abatement, plea in abatement to indictment that it was found at an improper time, in that the court on August 9th, when there was no grand jury in session, adjourned until the fourth Monday in August, and that the indictment was then found, was of no avail.

**3. JURY ⟨⟩75(2) — EXCUSING JURORS — DISCRETION OF COURT.**

Under Code 1907, § 7280, as to drawing jurors, the trial court may, in its discretion, excuse jurors for reasonable cause.

**4. JURY ⟨⟩110(9) — PRESERVATION OF EXCEPTIONS.**

A defendant who failed to object to the court's action in excusing jurors could not complain of alleged error in excusing them.

**5. JURY ⟨⟩80—NUMBER IN VENIRE.**

Under Acts Sp. Sess. 1909, p. 319, § 32, as to drawing jurors, while number of jurors that constitute the venire may not be reduced below 50, in qualifying jurors, the number may be reduced to 20.

**6. STATUTES ⟨⟩8½(2)—LOCAL AND SPECIAL ACTS.**

Acts Sp. Sess. 1909, p. 55, creating county court of Shelby county is not void as a local act passed without compliance with Const. § 106, requiring notice of proposed local acts, since House Journals Sp. Sess. 1909, p. 267, disclose substantial compliance therewith.

Appeal from Circuit Court, Shelby County; Lum Duke, Judge.

Jim White was convicted of murder, and he appeals. Affirmed.

Indictment found against the appellant by the grand jury of Shelby county, in the county court of Shelby, charging murder in the first degree at the July term, 1915, of said court. Said indictment bore the indorsement of a "True Bill. D. W. Kidd, Foreman of the Grand Jury. Filed in open court on the 11th day of September, 1915, J. R. White, Clerk." Defendant filed pleas which are styled pleas in abatement; to some of which demurrers of the state were sustained. Other questions are sufficiently treated in the opinion. Defendant was convicted of murder in the first degree, and his punishment fixed at life imprisonment. From this conviction, he prosecutes this appeal.

Saxon & Acuff, of Columbiana, for appellant. F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

GARDNER, J. The act creating the county court of Shelby county (Acts Sp. Sess. 1909, p. 45), provides for two regular terms in each

year for the holding of said court: The first beginning on the 1st day of January, and continuing until the 1st day of July in each year; and the second term beginning on the 1st day of July, and continuing until the 1st day of January of each year—thus, in practical effect, creating a continuous term. The act also provides for adjournment of court from time to time as it may seem proper to the presiding judge; and also for the convening of a special grand jury as occasion may demand.

[1] The indictment in the instant case shows on its face to have been found at the July term, 1915, of said court. The trial of the cause was had in the circuit court of Shelby county; the county court of Shelby having been abolished under the general laws to that effect. The defendant filed a number of pleas in abatement, some of which in general terms merely stated, as if by conclusion, that the indictment was found by the grand jury at a time not authorized by law for the sitting of said grand jury; and that the term of the grand jury that found the indictment was not held at the time provided by law for the holding of same, but without giving further information with reference to the general statements in said pleas. Clearly, these pleas, in the use of such general language, were subject to demurrer, and there was no error in the court's sustaining the demurrer thereto.

[2] In pleas 12 and 13, however, the defendant specifies more particularly what was evidently intended to be covered by the very general averment above noted in regard to the other pleas. This was to the effect that the court entered an order on August 9, 1915, at the regular August term of the grand jury, adjourning to the fourth Monday in August, 1915; and at the time of the making of this order there was no grand jury organized, and summoned for said court for its August term—that said order was unauthorized by law; and further, that the grand jury finding this indictment was organized on the fourth Monday in August by reason of said order.

A reading of the special act (Special Session 1909), establishing the county court of Shelby, above cited, in connection with section 23 of the Jury Law (Special Session Acts 1909, p. 305), clearly demonstrate that these pleas were without merit, and the demurrer thereto was properly sustained. Indeed, it is not insisted by counsel for appellant that these pleas present any matter of merit. But the argument is that the assignments of demurrer by the state were not sufficient to justify the ruling of the court in sustaining them. We are of the opinion, however, in the light of our statutes and after reviewing the five assignments of demurrer, that they were sufficient to justify this action of the court.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The defendant was served with a venire consisting of 60 names, composed of 16 special jurors drawn for his trial, together with 45 regular jurors drawn for the trial of causes during that week of court. The venire served upon the defendant appears from this record to have been in accordance with the statutes, as construed by the decisions of this court. The cause was called for trial on February 28, 1917, in the circuit court of Shelby county, when it was ascertained that Robert Black, one of the special jurors on the venire summoned to try the defendant, was not present; and the court upon inquiry as to the qualification of other jurors, composing the list on the venire, excused a number of them for reasons which the court deemed proper, some of which are set out in the record, so that the number from which the jury was to be selected was reduced to 49. The defendant does not appear to have interposed any objections or reserved any exceptions to the action of the court in excusing any of the jurors as above indicated. His attorneys were then furnished with a list of the jurors from which to strike for the selection of a jury. The list contained only the 49 names. Defendant then objected to being required to strike from said list of jurors, assigning as his several reasons therefor the fact that the jurors excused by the court were not on said list, which objection was overruled by the court.

[3] Under section 7280 of the Code of 1907, the trial court was authorized in its discretion to excuse jurors for reasonable and proper cause. Barden v. State, 145 Ala. 1, 40 South. 948; Williams v. State, 114 Ala. 19, 21 South. 993; Pierson v. State, 99 Ala. 148, 13 South. 550; Zininam v. State, 186 Ala. 9, 65 South. 56.

[4] We are not called upon to review the action of the court, however, in excusing any of these jurors, for the reason that there was no objection made by the defendant at the time, and if any error had been committed he would be held to have waived the same. Waldrop v. State, 185 Ala. 20, 64 South. 80; Tennison v. State, 188 Ala. 90, 66 South. 112. He will not be permitted to stand by and permit the jurors to be excused in his presence, and make no objection thereto at the time, and subsequently take advantage thereof when the jury is being actually selected. We are cited by counsel for appellant to the case of Carmack v. State, 191 Ala. 1, 67 South. 989, in support of the insistence here made. That case, however, dealt with the sufficiency of the special venire; the same having been reduced below the minimum required by law. Here the venire was entirely sufficient, and there was only a reduction in the number of jurors to be selected by reason of the fact that a number of jurors were excused by the court.

[5] We gather from brief of counsel for appellant that they entertain the opinion there was reversible error because the number of jurors from which the jury was to be selected was reduced below 50. Such, however, is not the case. While the number of jurors that constitute the venire may not be reduced below 50, yet in qualifying the jury this number may be reduced below 50, as is disclosed by a reading of section 32 of the Jury Law (Special Session 1909, p. 319), wherein it is provided as follows:

"If in any capital case the number of competent jurors shall be less than twenty before requiring any of them to be stricken off, the court must draw as prescribed in this Act, and have summoned, enough qualified jurors who are within or live within five miles of the courthouse or who live within the corporate limits of a city of 10,000 or more inhabitants in which the court is held to increase the number to at least thirty, and have their names placed on the list with other competent jurors and shall then require the solicitor and the defendant or defendants to strike from the list as provided in this section, the number of jurors that each may be entitled to strike off, until only twelve remain thereon, and these twelve shall be sworn and empaneled as the jury for the trial of the defendant or defendants."

[6] There is also some suggestion in brief of counsel for appellant that the act creating the county court of Shelby county is void, as it was a local act, and the provisions of section 106 of the Constitution were not complied with. A reference, however, to the House Journals (Special Session 1909, p. 267) discloses clearly a substantial compliance with said section 106, and this objection was without merit.

No questions as to the evidence or instructions to the jury are presented by the record. Finding no reversible error, the judgment of conviction will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.