(82 South. 450)

### HARRIS v. STATE.   (3 Div. 381.)

(Supreme Court of Alabama.  June 26, 1919.)

**1. CRIMINAL LAW ⬤⟿1087(½)—RECORD—MINUTE ENTRY—CORRECTION.**

Minute entry showing that on December 28, 1918, the "judge of the Fifteenth judicial circuit * * * in vacation drew from the jury box of said county" the names of 52 persons to serve as "petit jurors for the second, or criminal week, of this term of this court," the term recited in the caption being the fall term December 28, 1918, is self-corrective in reciting that jury was drawn in vacation.

**2. CRIMINAL LAW ⬤⟿631(8) — VENIRE — AMENDMENT.**

There was no error in court amending the name of a juror appearing on the venire, served on defendant, to conform to the true facts of the drawing, in view of Laws 1909, p. 317, § 29, providing that no objection can be taken to venire except for fraud in summoning or drawing.

**3. CRIMINAL LAW ⬤⟿365(1), 371(4)—RES GESTÆ—OTHER OFFENSES—INTENT.**

In prosecution for murder of defendant's father-in-law, there was no error in allowing defendant's wife to testify to the res gestæ of the homicide, that when she cried out defendant attacked her; defendant's attempts to kill or terrify wife to prevent her outcry, and to burn the house to destroy evidence of his crime, shedding light on intent with which defendant struck the fatal blow.

**4. HOMICIDE ⬤⟿174(6), 193 — POSSESSION OF WEAPON—EVIDENCE ADMISSIBLE.**

In prosecution for murder of defendant's father-in-law, it was not relevant as to where defendant's wife found gun when she moved after the homicide, though she was properly permitted to testify that she did not know where the gun was on the night of the homicide, and that her father was not reaching for any gun when he was struck.

**5. WITNESSES ⬤⟿236(4)—CONFUSING QUESTION—SUSTAINING OBJECTION.**

In prosecution for murder there was no reversible error in sustaining objection to question which was confusing as to several blood stains on the floor as detailed by the witness.

**6. HOMICIDE ⬤⟿171(2)—EVIDENCE OF BLOOD STAINS—ADMISSIBILITY.**

The court properly permitted the witness to explain her location and that of blood on the floor with reference to the bed where witness was, and to the body of her deceased father, the victim.

**7. HOMICIDE ⬤⟿253(1), 314 — FIRST DEGREE MURDER—EVIDENCE—SUFFICIENCY.**

Jury *held* within its province in finding defendant guilty of murder in the first degree, and fixing his punishment at death.

Appeal from Circuit Court, Autauga County; Leon McCord, Judge.

Fred Harris was convicted of murder in the first degree, and appeals. Affirmed.

P. E. Alexander and Gipson & Booth, all of Prattville, for appellant.

J. Q. Smith, Atty. Gen., and Horace C. Wilkinson, Asst. Atty. Gen., for the State.

THOMAS, J. Appellant was convicted of murder in the first degree, and the death penalty was imposed.

The entire record has been examined pursuant to the statutes made and provided for such cases.

[1] The minute entry shows that on December 28, 1918, the "judge of the Fifteenth judicial circuit in said state, in vacation, drew from the jury box of said county" the names of 52 persons, to serve as "petit jurors for the second, or criminal week of this term of this court," though the term recited in the caption of such minute entry is "Fall Term, December 28, 1918." The minute entry is self-corrective, in reciting that the jury was drawn in vacation on the date recited. Clinton Min. Co. v. Bradford, 76 South. 74, 77, 78.[1] On January 6, 1919, defendant was indicted, arraigned, pleaded not guilty, and a day was set for his trial (January 9, 1919). Order for a special venire, drawing the same, order for service of copy of venire and of the indictment forthwith to be served upon the defendant by the sheriff of said county, are each shown by the record.

On the day set for his trial, defendant, in his own proper person and by attorney, moved the court to quash the venire, and to the overruling of which motion exception was duly reserved. The motion to quash was on the grounds, among others:

"That the venire served upon this defendant, Fred Harris, is null and void, because the jury was drawn at a time when the court of the Fifteenth judicial circuit was not in session."

"That the copy of the venire served on the defendant, Fred Harris, was not a true and correct copy of the list of the petit jurors and special jurors drawn for this week and to try this case, and that it is not a true and correct copy of the names of the men summoned to be here to serve on this day on the jury to try this case, we have here on the list of the defendant served on him the name of W. Zimmerman Love while on the original is the name of W. Zimmerman, we do not know which is the man."

In overruling the motion, the court ordered the venire to be amended and a copy of the amended venire to be forthwith served upon the defendant. Thereupon the venire was amended and a copy thereof forthwith served upon both the defendant and his counsel, to which action of the court the defendant excepted. Thereupon the defendant refiled his motion to quash the venire and set out as another ground to quash the venire, as amended and served on defendant, that—

---

"* * * The list of the jury summoned to try this case, State v. Fred Harris, was not served upon this defendant forthwith as prescribed by law, and the defendant now prays the court to quash said venire."

This motion was overruled by the court, to which action of the court the defendant excepted.

[2] The jury law declares that its provisions in relation to the selection, drawing, summoning, or impaneling of jurors are "directory merely and not mandatory," and that "no objection can be taken to any venire of jurors except for fraud in drawing or summoning the jurors." Gen. Acts. 1909, p. 317, § 29; Parris v. State, 175 Ala. 1, 6, 57 South. 857; Zininam v. State, 186 Ala. 9, 13, 65 South. 56; Tennison v. State, 188 Ala. 90, 98, 66 South. 112; Autrey v. State, 190 Ala. 10, 12, 67 South. 237; Morris v. State, 193 Ala. 1, 7, 68 South. 1003. There was no error committed in the order of the court amending the name of the juror appearing on the venire, W. Zimmerman, to that of W. Zimmerman Love, on the copy of the venire served on defendant, to conform to the true facts of the drawing, summoning, and attendance on the court at said trial by said jury; no fraud in the drawing or summoning of the jurors or juror in question being disclosed by this record. Knott v. State, 80 South, 442.[2] The failure of the sheriff to serve a copy of the venire on the defendant forthwith pursuant to the first order therefor was no ground to quash the venire. Savage v. State, 174 Ala. 94, 57 South. 469. As to the proper procedure to invoke the power and jurisdiction of the court to enforce rights by an objection to being put on trial without compliance with the statute "pointing out to the court in such objection wherein there has been a failure to comply with the statute," see Carmack v. State, 191 Ala. 1, 67 South. 989; Tennison v. State, supra; Zininam v. State, supra; Cain v. State, 16 Ala. App. 303, 77 South. 453, 455, 456.

[3] There was no error in allowing Tempie Harris, the wife of the defendant, to testify to the res gestæ of the homicide; that when she cried out defendant attacked her in such wise that it became relevant as tending to show defendant's intent. McDonald v. State, 83 Ala. 46, 3 South. 305; Gassenheimer v. State, 52 Ala. 313; Ingram v. State, 39 Ala. 247, 84 Am. Dec. 782. Defendant's attempts to kill or terrify the wife to prevent her outcry, and to burn the house to destroy the evidence of his crime, were competent as shedding light on the intent with which defendant struck the fatal blow. Russell v. Bush, 196 Ala. 309, 318; 319, 71 South. 397, and authorities.

[4] It was not relevant as to where Tempie Harris found the gun when she moved after the homicide. The witness was, however, properly permitted to testify that "she did not know where the gun was" on the night of the homicide, and that her father was not "reaching for any gun" when he was struck. The testimony of one Clark that on said night he saw a "single-barrel gun setting against the wall at the head of the bed where this woman (Tempie Harris) was lying on the bed" was all that defendant could ask, and did not make relevant the evidence sought of the whereabouts of the gun when said Tempie was moved from the house.

[5] Tempie Harris, being recalled, testified that she did not fall by the bed; that there was blood on the floor near the foot of the bed, and another pool of blood where her father's head was lying. On redirect examination defendant asked the witness the question:

"You were sitting by the fireplace—you heard us ask—did you hear us when we asked where the blood was?"

Objection by the state was sustained, and defendant excepted. Witness then stated:

"At that time the same blood was at the foot of the bed, down there that night, * * * some right by the table and right in front of the fireplace. * * * And there was a big pool right in front of the fireplace right where her papa was lying."

[6] The question, to which objection was sustained, was confusing as to the several blood stains on the floor as detailed by the witness, and no reversible error was committed in sustaining objection thereto. The court properly permitted the witness to explain her location and that of blood on the floor with reference to the bed where witness was and to the body of her deceased father. This was sufficient.

The defendant insists that the homicide was the result of a sudden encounter, and under such circumstances that the elements of premeditation and deliberation were lacking, as constituents of murder in the first degree. Johnson v. State, 81 South. 820.[3] The definition of such elements of murder in the first degree, made in Daughdrill v. State, 113 Ala. 7, 32, 21 South. 378, has been adhered to by this court. Dunn v. State, 143 Ala. 67, 74, 39 South. 147.

[7] The deceased was not dead when visited by Dr. Shanks; and his death, subsequently ensuing, was attributable to the several blows inflicted by the defendant with the iron poker, in the manner detailed by Tempie Harris. The jury was within its province in finding him guilty of murder in the first degree and in fixing his punishment at death.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN, MAYFIELD, SAYRE, SOMERVILLE, and GARDNER, JJ., concur.