(135 So. 571)

**STINSON v. STATE.**

I Div. 633.

Supreme Court of Alabama.

May 28, 1931.

Rehearing Denied June 25, 1931.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

C. L. Hybart, of Monroeville, for appellant.

BROWN, J.

The appellant complains that the court, in advance of the day set for his trial, excused three of the jurors drawn and summoned for the trial, and, pertinent to this question, the bill of exceptions recites that:

"In calling the names of the jurors duly summoned for the trial of said cause the name of Mr. Thomas T. Ivey was called, by and un-

der the direction of the Court, his name being upon the panel (venire) served upon the defendant, and Mr. Ivey not answering, the Court stated that it had excused Mr. Ivey. The defendant asked the Court on what grounds, and the Court stated to him, 'On grounds deemed sufficient by the Court,' to which action the defendant duly excepted.

"Under the direction of the Court the names of J. M. McNeal and W. S. Porter, who were jurors drawn and summoned to try the aforesaid case and whose names were on the panel (venire) served upon the defendant, and who did not answer on said call and who were not in Court, the Court stated that they had been excused for good and sufficient reasons by the Court, to which action the defendant separately and severally excepted. After these jurors were excused there remained 53 qualified jurors on the list, from which defendant was required to strike, 27 of the venire having been challenged for cause and excused by the Court."

Under the general law regulating the selection and impaneling of jurors for the trial of capital felonies, prior to the enactment of the present statute (Acts 1919, pp. 1040–1042, now sections 8644–8648, Code), it was repeatedly ruled by this court that it was within the power of the trial court, upon the organization of the regular juries for the week at which the capital cases were set, to excuse jurors drawn and summoned on the regular juries, "for good and sufficient reasons then made known to the Court," and usually entered of record. Fariss' Case, 85 Ala. 1, 4 So. 679; Plant's Case, 140 Ala. 52, 37 So. 159; Moseley's Case, 107 Ala. 74, 17 So. 932; Maxwell's Case, 89 Ala. 150, 7 So. 824; Thomas v. State, 124 Ala. 48, 27 So. 315; Williams v. State, 144 Ala. 14, 40 So. 405.

In Fariss' Case, first above cited, it was observed: "In Parsons v. State, 22 Ala. 50, this court held that the discharge of a juror under circumstances shown above, if objected to on the trial, was a reversible error. In Sylvester's Case, 71 Ala. 17, speaking of this subject, we said: 'Without deciding it to be error to excuse a juror from service before a capital felony is regularly called for trial, when he is shown to be exempt by statute, we are of opinion that the safer practice is not to excuse any juror, in advance of the trial, until he claims the privilege of such exemption on his name being regularly drawn.' Phillips v. State, 68 Ala. 469; Shelton v. State, 73 Ala. 5.

"This question, however, has been twice decided the other way, and we will treat it as settled. Floyd v. State, 55 Ala. 61; Jackson v. State, 77 Ala. 18. We do this not reluctantly, because the rule asserted in Parsons' Case is *exceedingly inconvenient in practice*, and it is believed that it accomplishes no good result." Fariss' Case, 85 Ala. 4, 4 So. 679, 680. (Italics supplied.)

■ While the statutes of the time these decisions were rendered provided that the "jurors summoned" (Code 1886, § 4449), or *"the panel of petit juries organized for the week"* the case was set for trial should constitute a part of the special venire for the trial, there was no provision in the statute then, as now, that the jurors constituting the venire for the trial of capital cases, including those drawn for the week the case was set for trial, should be summoned *"to appear in court on the day set for the trial of the defendant."* Section 8644, Code 1923; Carmack v. State, 191 Ala. 1, 67 So. 989. (Italics supplied.)

Nor did the statute provide then, as it does now, that *"on the day set for the trial* if the cause is ready for trial, the court must inquire into and pass upon the *qualifications of all the persons* who appear in court in response to the summons to serve as jurors, and shall cause the names of all those whom the court may hold to be competent jurors to try the defendant or defendants to be placed on lists," etc. Section 8645, Code 1923. (Italics supplied.)

No doubt the Legislature in the enactment of this statute regarded these matters of importance to a defendant who was being placed on trial for his life, and mere matters of exceeding "inconvenience in practice" must yield to these statutory rights. Blevins v. State, 204 Ala. 476, 85 So. 817.

In Sullivan v. State, 102 Ala. 135, 15 So. 264, 266, 48 Am. St. Rep. 22, this court, applying a local statute applicable to Dallas county, strikingly similar, if not identical with the statute now in force, where the trial court on the day set for the trial ex mero motu excused one of the regular jurors because of a misnomer as to his Christian name, the court, speaking through Brickell, C. J., observed:

"1. The special statute in relation to the drawing and impaneling of grand and petit jurors, in the county of Dallas, requires that, whenever any person stands indicted for a capital felony, the court must, on the first day of the term, or as soon thereafter as practicable, make an order, conforming to section 4874 of the Code of 1876, commanding the sheriff to summon not less than 50, nor more than 100, persons, including those summoned on the regular juries for the week, from whom the panel for the trial is to be selected. Upon the court, on the day set for the trial, if the cause is ready for trial, is imposed the duty of inquiring into and passing 'upon the qualifications of all persons who appear in court in response to the summons to serve as jurors,' and to cause the names of all those whom the court may hold to be competent jurors to try the defendant to be placed on lists, and to require the defendant to strike off from the lists 2 names, and the solicitor to strike off 1; and this process is continued un-

til only 12 names remain, who are to be sworn, and impaneled as the jury. It is further provided that, 'if the sheriff fails to summon any juror drawn, or any juror summoned fails or refuses to attend the trial, or there is any mistake in the name of any juror drawn or summoned, none or all of these grounds shall be sufficient to quash the venire, or continue the case.' Pamph. Acts 1884–85, p. 498.

"It is obvious the power the court is authorized to exercise in the process of the organization of the jury is the inquiry into, and determination of, the qualifications as a juror of the person appearing in obedience to the summons. It may doubtless reject any or all who may be subject to any disqualification, or who may not have the statutory qualifications. So, it may probably excuse or discharge any person because of reasons, personal to himself, which would render service as a juror oppressive. Beyond this it is not contemplated by the statute the power which the court may exercise, ex mero motu, shall extend. If there be not an absence of the statutory qualifications, or a temporary disqualification, or reasons personal, rendering service as a juror oppressive, the duty of the court is to cause the names of all appearing to be placed on the lists from which the jury is to be selected. A list of all who are to be summoned to appear, the law requires to be served on the defendant. The object is to enable him to prepare for his challenges; to afford him the opportunity of ascertaining whether causes for challenge exist; to exercise intelligently the right of peremptory challenge and the power of selection which the statute confers. Parsons v. State, 22 Ala. 50. There should not be interference with this right, further than the statute sanctions. The juror was not incompetent. There was no disqualification; no request to be excused because service would be oppressive. The only reason for his discharge was the misnomer of his Christian name,—a misnomer not affecting his identity, for by it he had been summoned, and to it he responded; an error which, by the express terms of the statute, is immaterial; not ground for quashing the venire, or a continuance of the cause. The court erred in the discharge of the juror. The error, it may be, was not of practical injury to the defendant. We deem it safer, however, to adhere to the long-settled rule that, when error is shown, the presumption of injury arises, which must be clearly repelled by the record, or the judgment will be reversed. 1 Brick. Dig. p. 780, § 100." See, also, Smith v. State, 183 Ala. 10, 62 So. 864.

■ While section 8614, brought forward from the Code of 1907, and long a part of the law, providing: "The court may excuse from service any person summoned as a juror if he is disqualified or exempt, or for any other reasonable or proper cause, to be determined by the court," is not to be overlooked, it was not incorporated in article 7, c. 311 (Code 1923, p. 193, § 8644 et seq.) dealing especially with the "Mode of Selecting and Empaneling Juries in Capital Cases," and cannot be construed as emasculating or modifying the provisions of sections 8644, 8645, which require the court to order the persons constituting the venire for the trial of capital cases, summoned to appear on the day the case is set for trial, and require the court, *on the day set for the trial*, if the cause is ready for trial, to inquire into and pass upon the qualifications of all the persons appearing in response to the summons, where the defendant must be present with his counsel and where he is given an opportunity to participate in the selection of the jury for his trial, and reserve questions for review by appeal.

That statute (section 8614) has a field of operation, and authorizes the court, in the process of impaneling the regular juries, to excuse a juror from the regular service, still when construed in pari materia with sections 8644, 8645, the power to excuse from service on a special venire in a capital case must be exercised by the court on the day set for the trial during the process of qualifying and organizing the jury for the defendant's trial, when defendant is having his day in court, and may know the facts underlying the court's rulings and may protect his interest by proper exceptions.

■ While the matter complained of is not a mere clerical error, but an error committed by the court in excusing jurors summoned for defendant's trial, in defendant's absence, yet, in the absence of an objection to proceeding with the selection of the jury because of the absence of the jurors excused, this action of the court cannot be made a predicate for reversible error. Edgar v. State, 183 Ala. 36, 62 So. 800; Irwin v. State, 220 Ala. 160, 124 So. 410; Carmack v. State, 191 Ala. 1, 67 So. 989; White v. State, 201 Ala. 387, 78 So. 449; Zininam v. State, 186 Ala. 9, 65 So. 56; Spooney v. State, 217 Ala. 219, 115 So. 308; Taylor v. State, 222 Ala. 140, 131 So. 236.

In Evans v. State, 209 Ala. 563, 96 So. 923, the name of one of the jurors appeared twice on the list; held a clerical error, coming within the curative provision of the statute. Section 8648, Code of 1923; Taylor v. State, 222 Ala. 140, 131 So. 236.

■ The statement of the witness Palmer Davis that "he (defendant) was watching me with his head turned this way" was the statement of a fact, and within the exception to the general rule, that, "where a fact cannot be reproduced and made apparent to the jury, a witness may describe the fact according to the effect produced on his mind; or if, from the nature of a particular fact, better evidence is not attainable, the opinion of a wit-

ness, derived from observation, is admissible." Mayberry v. State, 107 Ala. 64, 67, 18 So. 219, 220.

█ The question to the defendant's witness Nobe Coleman on direct examination, "Was he staggering around there?" was leading, and the objection was sustained without error. Donnell v. Jones, 13 Ala. 490, 48 Am. Dec. 59.

█ The evidence shows that, immediately before the homicide was committed, the defendant and Nobe Coleman drove up to the house of a brother of the deceased in a Ford automobile, and got out of the automobile. Coleman, on cross-examination, testified that when he got out of the car he had his gun in his right pocket; "that he put it in his pocket after he left Mrs. King down there. It was on the seat and he slipped it under him as he went to take the car. That he slipped the gun across the seat and sit [sat] on it. At this time both he and the defendant had his gun by his side, and witness was sitting on his and when he went to get out of the car he put it in his right hand pocket. That the barrel of it was sticking up out of his pocket." He was thereupon asked by the solicitor: "Why did you put your gun in your pocket when you got out of that automobile?" We are not of opinion that this question called for immaterial testimony, but, if it did, the court will not be put in error for overruling the objection on that ground. Cox v. State, 162 Ala. 66, 50 So. 398.

█ The fact that Rufus King drank whisky with the defendant previous to the homicide and on the same day, and was made drunk, was not material, and the action of the court in refusing to allow proof of that fact was free from error. James v. State, 193 Ala. 55, 69 So. 569, Ann. Cas. 1918B, 119.

That the defendant shot and killed Bufford Davis, with a pistol, without the semblance of justification, is shown by the evidence without dispute, and the only question presented on the trial about which there is any conflict in the evidence is whether or not he was legally irresponsible, because of a diseased mind superinduced by the excessive use of intoxicating liquors. This question, together with the question of the degree of the homicide, if his guilt was established by the evidence beyond a reasonable doubt, was submitted to the jury in a clear and succinct charge by the trial court, stating fully and clearly the rules of law applicable to the evidence.

█ What appear in the record proper as special charges were not, so far as anything appearing in the record, authoritatively indorsed "refused" or "given" by the trial judge, as required by the statute, and the mere statement of the clerk to this effect is not authorized by the statute. Little v. State, 58 Ala. 265; Batson v. State ex rel. Davis, 216 Ala. 275, 113 So. 30; Mason v. State, 16 Ala. App. 405, 78 So. 321; Birch v. Ward, 200 Ala. 118, 75 So. 566.

The record appears free from error, and the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur, but the CHIEF JUSTICE indicates that he is not willing to say that the excusing of a juror in advance of the trial, though error, is sufficient without more to reverse.

On Rehearing.

BROWN, J.

█ The appellant, along with his application for rehearing, has filed a motion to set aside the submission and for the issuance of the writ of certiorari to perfect the record by bringing up the refused charges with the endorsement thereon that makes them a part of the record.

Aside from the fact that this course of procedure is irregular and the motion for certiorari comes too late, the motion is without merit, for the reason that the refused charges dealing with the issue of insanity pretermit that, to sustain the plea of not guilty by reason of insanity, the evidence must reasonably satisfy the jury that by reason of mental disease the defendant could not distinguish between right and wrong with respect to the act, or that through duress of such disease his free agency was destroyed. Lambert v. State, 207 Ala. 190, 92 So. 265; Lide v. State, 133 Ala. 43, 31 So. 953. Others were argumentative, and those dealing with the issue presented by the plea of not guilty were fully covered by the oral charge of the court, and some of them tended to confuse the issues presented by the plea of not guilty and the plea of not guilty by reason of insanity, and warranted their refusal. Parrish v. State, 139 Ala. 16, 36 So. 1012.

The other questions reargued were considered and treated in the original opinion.

The application for rehearing is overruled, and motion for certiorari denied.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.