147 So. 204

## HORNBUCKLE v. STATE.

### 8 Div. 642.

Court of Appeals of Alabama.
March 28, 1933.

W. C. Rayburn, of Guntersville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

RICE, Judge.

Appellant was indicted and put on trial for a capital felony.

It appears that, while the court's order for a special venire fixing the number at 76 jurors, to consist of the 46 regular jurors drawn for the week of the trial together with 30 special jurors presently drawn, etc., was made regularly in accordance with Code 1923, § 8644, yet from that point on every provision of the pertinent statutes was disregarded.

It is recited in the judgment entry that on the day set for the trial of the case the sheriff returned into court the venire facias "heretofore, towit: on the 7th day of October, 1931, issued to him by the Clerk of this Court and commanding him to summon the 30 persons therein named to appear on Tuesday the 13th day of October, 1931, to serve as special jurors," etc.

And that "upon the call of said venire facias by the sheriff all of the persons therein named and so summoned answered thereto and appeared in open court except, Earnest Burgess and Willey T. Forrester, who could not be found in Marshall County. The court being satisfied that the remaining jurors named in the Venire Facias and so summoned and not excused possess the necessary qualifications as jurors, their names were written on separate pieces of paper which being so folded that said names were invisible and being placed in a hat, as a substitute for a box, the presiding judge of this court then and there in open court, publicly drew therefrom the names of the following twelve of said persons who were duly empanelled and sworn as the Jury." Before the jury, selected as indicated, appellant was, against his objection, put on trial. Of course, the judgment of conviction must be, as it is hereby, reversed. See Code 1923, §§ 8644 and 8645. Also Spooney v. State, 217 Ala. 219, 115 So. 308, and Stinson v. State, 223 Ala. 327, 135 So. 571.

The questions apparent raised on the taking of testimony and by the refusal of certain written charges, etc., will not be considered. None of them is, in our opinion, either new or novel.

Reversed and remanded.